**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ronnie FIELDS, Defendant-Appellant.**

No. 82–1771.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 11, 1983.

Decided Dec. 27, 1983.

Certiorari Denied April 2, 1984. See 104 S.Ct. 1718.

Armando Garcia, Pasternak & Razo, Redwood City, Cal., for plaintiff-appellee.

William S. Farmer, Asst. U.S. Atty., San Francisco, Cal., for defendant-appellant.

Before WALLACE, SCHROEDER and FERGUSON, Circuit Judges.

SCHROEDER, Circuit Judge.

Fields appeals from his conviction for conspiracy to commit armed bank robbery, in violation of 18 U.S.C. §§ 371 and 2113(a)(d), and for aiding and abetting armed bank robbery, in violation of 18 U.S.C. §§ 2 and 2113(a)(d). He argues that the trial court's refusal to authorize an additional $1,250 for defense investigation work so prejudiced his defense that his conviction must be reversed. The government responds that we lack jurisdiction over the appeal and, in the alternative, that the conviction should be affirmed on the merits. We hold that we have jurisdiction over the appeal and affirm.

18 U.S.C. § 3006A authorizes district courts to provide funds to ensure that defendants receive representation. Provisions for appointment and payment of counsel appear in subsections 3006A(a)–(d). Subsection 3006A(e), which is the subsection at issue in this case, allows allocation of funds for "investigative, expert, or other services necessary for an adequate defense." Defense counsel may request funds for these services in an ex parte application, 18 U.S.C. § 3006A(e)(1), and a district court may grant funds over the statutory maximum amount with the approval of the chief judge of the circuit. 18 U.S.C. § 3006A(e)(3).

The government's resistance to our jurisdiction is based upon our holding in *Matter of Baker*, 693 F.2d 925 (9th Cir.1982), that an order certifying less than the amount of attorney fees requested under 18 U.S.C. § 3006A(d) is unappealable. *Accord United States v. Smith*, 633 F.2d 739 (7th Cir.1980), cert. denied sub nom. *Rogers v. Gordon*, 451 U.S. 970, 101 S.Ct. 2047, 68 L.Ed.2d 349 (1981); *United States v. D'Andrea*, 612 F.2d 1386 (7th Cir.1980). In this case, however, the appellant does not attempt to appeal from an order denying additional fees. The appeal here is from the conviction itself, a final judgment, and thus our jurisdiction is based upon 28 U.S.C. § 1291. This court in the past has assumed jurisdiction to review similar cases on the merits. *United States v. Armstrong*, 621 F.2d 951 (9th Cir.1980); *United States v. Sims*, 617 F.2d 1371 (9th Cir.1980).

■ We therefore hold that in an appeal from a final conviction we have jurisdiction to review a challenge to a denial by the district court of defendant's request for additional investigative funds.

■ In order to succeed in that challenge, the appellant must demonstrate, on the basis of both the original showing to the district court and the later trial record, that the lack of investigative services prevented defendant from receiving effective assistance of counsel under the sixth amendment. *See Sims* at 1375; *United States v. Hartfield,* 513 F.2d 254, 256–58 (9th Cir.1975). Under the rule of this circuit, this means he must demonstrate that reasonably competent retained counsel would require the investigative work sought for preparation of a defense for a client with the means to pay for it and that the denial therefore prejudiced appellant's defense. *United States v. Bass,* 477 F.2d 723, 725 (9th Cir.) (expressly approving the concurring opinion of Judge Wisdom in *United States v. Theriault,* 440 F.2d 713, 716 (5th Cir.1971)), cert. denied, 411 U.S. 984, 93 S.Ct. 2278, 36 L.Ed.2d 960 (1973). *See Cooper v. Fitzharris,* 586 F.2d 1325, 1330 (9th Cir.1978) (en banc), *cert. denied,* 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979) (effective assistance of counsel requires the skill, judgment and diligence of a reasonably competent criminal defense attorney).

■ The appellant in this case cannot show ineffective assistance of counsel. He has not suggested what counsel might have done differently in the trial had more extensive investigation been authorized. He has not attempted to show why a reasonable lawyer might have expended more funds than the district court approved for investigation of the charges on which he was eventually tried. He has not demonstrated any prejudice arising from the denial.

Affirmed.