**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Hector Luis REYES, Defendant–
Appellant.**

**No. 91–50301.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 1992.

Decided June 8, 1992.

Gerald C. Salseda, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Wayne R. Gross, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before PREGERSON, NELSON, and THOMPSON, Circuit Judges.

PREGERSON, Circuit Judge:

Hector Luis Reyes appeals his conviction and sentence under 26 U.S.C. §§ 5861(d)

and 5872 for possession of an unregistered firearm and forfeiture of a firearm. We have jurisdiction under 28 U.S.C. § 1291. We affirm the conviction and sentence.

## BACKGROUND

Two officers of the Los Angeles Police Department approached Reyes and his friend Razo. As the officers approached, they noticed Reyes holding what appeared to be a sawed-off shotgun. Reyes then handed the shotgun to Razo, and Razo hid the gun in a water heater shed. The officers detained Reyes and Razo. Another police officer saw Razo hide the shotgun and directed the arresting officers to the shed.

Reyes and Razo were arrested and charged with violating California Penal Code § 12020 for possession of a sawed-off shotgun. Razo pled guilty to the state charges and was sentenced to 300 days in county jail. The state charges against Reyes were dropped because a federal complaint was filed by the U.S. Attorney. Reyes was indicted under 26 U.S.C. §§ 5861(d) and 5872 for possession of an unregistered firearm and forfeiture of a firearm. After his jury conviction, Reyes was sentenced to 57 months. This appeal followed.

## DISCUSSION

### I.

■ Reyes challenges his conviction on two grounds. First, Reyes contends that he was deprived of a fair trial when the prosecutor commented during closing argument on the defense's failure to call Razo as a witness. This argument is without merit. While prosecutors may not comment on a defendant's failure to testify, they may comment on the defense's failure to call other witnesses. *United States v. Castillo,* 866 F.2d 1071, 1083 (9th Cir.1988).

The transcript of the prosecutor's closing argument shows that the prosecutor commented only on Reyes' failure to subpoena

Razo to testify. The remarks made were specific enough to prevent the jury from interpreting the prosecutor's argument either as a statement about Reyes' own failure to testify or as an implication that Reyes had the burden of proving his innocence. *See Castillo,* 866 F.2d at 1083 ("The test is whether the comment is 'manifestly intended to call attention to the defendant's failure to testify, and is of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify.'" (quoting *United States v. Bagley,* 772 F.2d 482, 494 (9th Cir.1985)), *cert. denied,* 475 U.S. 1023, 106 S.Ct. 1215, 89 L.Ed.2d 326 (1986)).

■ Second, Reyes argues that his due process rights were violated when he was prosecuted in federal instead of state court. We disagree. Absent an allegation of vindictive or selective prosecution, a prosecutor's decision to pursue federal charges does not violate due process. *United States v. Burt,* 619 F.2d 831, 837–38 (9th Cir.1980); *see also United State v. Turpin,* 920 F.2d 1377, 1388 (8th Cir.1990) ("[t]he fact that the federal government prosecutes a federal crime in a federal court that could have been ... prosecuted as a state crime in a state court does not itself violate due process"), *cert. denied sub. nom. Williams v. United States,* — U.S. —, 111 S.Ct. 1428, 113 L.Ed.2d 480 (1991).

### II.

Reyes challenges his sentence on three separate grounds. We discuss each below in turn, and conclude that the district court did not err in declining to depart downward from the Guidelines.

■ First, Reyes contends that the district court has the power to depart downward from the Sentencing Guidelines to correct disparity between federal and state sentences received by co-accused.[1] This contention presents a question of first impression in this court.

---

1. The term "co-accused" is used to describe two persons who are arrested together and charged with the same criminal conduct but who are not co-defendants because one is tried in federal court and the other in state court.

**510**

We do not have jurisdiction to review a district court's refusal to exercise its discretion to depart downward. *United States v. Robinson*, 958 F.2d 268 (9th Cir. 1992); *United States v. Sanchez*, 914 F.2d 1355, 1363 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1626, 113 L.Ed.2d 723 (1991). Here, the district court did not decline to exercise its discretion. Rather, the court stated that it had no authority to depart downward from the Guidelines under the circumstances presented.

We review this question of statutory interpretation *de novo. See United States v. Lira–Barraza*, 941 F.2d 745, 746 (9th Cir. 1991) (en banc); *United States v. Keene*, 933 F.2d 711, 712 (9th Cir.1991). Whether the U.S. Sentencing Commission adequately considered a particular mitigating or aggravating circumstance is a question of law, also reviewed de novo. *United States v. Sanchez*, 933 F.2d 742, 745 (9th Cir. 1991). If a district court has the legal authority to depart downward from the Guidelines, it may do so at its discretion. *Lira–Barraza*, 941 F.2d at 746.

In *Enriquez–Munoz*, 906 F.2d 1356, 1360 n. 8 (9th Cir.1990), we left open the question whether a district court could depart downward from the Guidelines to correct sentence disparity between *federal co-defendants.* Recently, our circuit answered that question in the negative. *United States v. Mejia*, 953 F.2d 461, 468 (9th Cir. March 25, 1992). In *Mejia*, we noted that overall uniformity of the Guidelines takes precedence over any disparity that may occur between particular co-defendants. *Id.* at 468.

*Mejia* did not address sentencing disparity between federal and state defendants. The rationale of that decision, however, compels the same conclusion in the present case. Downward departure to correct the type of disparity present here would undermine the purpose of the Guidelines to create sentencing uniformity among those convicted for the same federal crimes. We therefore conclude that disparity in the sentences received by co-accused is not an appropriate basis for downward departure from the Guidelines.

■ Second, Reyes argues that the district court had authority to depart downward based on its supervisory power. We disagree. In *United States v. Ramirez*, 710 F.2d 535, 541 (9th Cir.1983), we held that a district court's supervisory power has limited use, and may be exercised to dismiss a case "only when there is a clear basis in fact and law for doing so"). *See also United States v. Hasting*, 461 U.S. 499, 505–507, 103 S.Ct. 1974, 1978–79, 76 L.Ed.2d 96 (1983). In the present case, the district court did not have a clear basis in law for using its supervisory power as a source of authority for downward departure. In fact, our previous discussion shows that federal sentencing law would not support a downward departure based on disparity in the federal and state sentences received by co-accused.

■ Finally, Reyes maintains that downward departure was authorized because the facts of his case are "highly unusual." We find this argument similarly unpersuasive. Reyes' case does not present the sort of unusual circumstances that would authorize a downward departure from the sentence required by the Guidelines. *Cf. Mejia*, 953 F.2d at 468 n. 2 (the highly unusual facts found to justify departure from the Guidelines in *United States v. Ray*, 930 F.2d 1368 (9th Cir.1990), represented a narrow holding limited to "the extraordinary circumstance presented by cases [such as *Ray* ] in which certain codefendants are sentenced under the Guidelines while others are not." (citing *Ray*, 930 F.2d at 1373)).

## CONCLUSION

Reyes' conviction and sentence are AFFIRMED.