972 F.2d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raul Villareal PESINA, Defendant-Appellant.
 No. 91-30416.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Aug. 27, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raul Villareal Pesina appeals his sentence under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."), following entry of a guilty plea, for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Pesina contends that the district court erred by failing to depart downward from the applicable Guidelines range. He argues that (1) his role as co-breadwinner in a family with young children and/or (2) the alleged violation of his due process rights because he was prosecuted in federal rather than state court justify a downward departure. We dismiss the appeal.
 
 
 3
 A district court's discretionary refusal to depart downward from the Guidelines is not reviewable on appeal. United States v. Robinson, 958 F.2d 268, 272 (9th Cir.1992). Moreover, " '[f]amily ties and responsibilities ... are not ordinarily relevant in determining whether a sentence should be outside the [G]uidelines." United States v. Berlier, 948 F.2d 1093, 1096 (9th Cir.1991) (quoting U.S.S.G. § 5H1.6). In addition, "a prosecutor's charging decision cannot be judicially reviewed absent a prima facie showing that it rested on an impermissible basis, such as gender or race." United States v. Sitton, Nos. 91-50154, 91-50156, 91-50166, slip op. 7861, 7868 (9th Cir. July 2, 1992); accord United States v. Nance, 962 F.2d 860, 864-65 (9th Cir.1992) (per curiam) (same). Pesina does not argue that discrimination based on suspect characteristics played a role in his referral to federal court.[1]
 
 
 4
 Therefore, we lack jurisdiction to consider Pesina's request for a downward departure. See Robinson, 958 F.2d at 272.
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pesina appears to contend that the district court should have departed downward to correct the disparity between his federal sentence and his co-conspirators' state sentences. We have squarely rejected this contention. See Sitton, Nos. 91-50154, 91-50156, 91-50166, slip op. at 7886 ("sentencing courts may not depart from the Guidelines on the basis of disparities between state and federal sentencing regimes"); see also United States v. Reyes, 966 F.2d 508, 510 (9th Cir.1992) ("disparity in the sentences received by co-accused [sentenced in federal and state courts] is not an appropriate basis for downward departure from the Guidelines"). Accordingly, this contention lacks merit