981 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Owen DAVIES, Defendant-Appellant.
 No. 91-50818.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1992.*
Decided Dec. 7, 1992.
 
 Before TANG, PREGERSON and ALARCON, Circuit Judges.
 ORDER
 The memorandum disposition filed October 22, 1992 is withdrawn. The mandate issued on November 12, 1992 is recalled.
 Before TANG, PREGERSON and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Owen Davies appeals his sentence under the sentencing guidelines following his guilty plea to unarmed bank robbery. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, but vacate and remand for resentencing.
 
 BACKGROUND
 
 3
 On July 24, 1991, Davies was arrested shortly after he robbed the Household Bank in Solvang, California of $1,979. Davies confessed to the robbery and wrote a letter of apology to the employees of the Household Bank. On October 8, 1991, Davies pled guilty to a one-count indictment for unarmed bank robbery as defined in 18 U.S.C. § 2113(a).[1]
 
 
 4
 At his sentencing hearing, Davies argued that a downward departure from the sentencing guidelines range of 41 to 51 months was justified because (1) his offense constituted aberrant behavior; (2) he was unusually vulnerable to physical assault while incarcerated; (3) he was especially well-suited for placement at the Bureau of Prison's Intensive Confinement Center (ICC) in Lewisberg, Pennsylvania; and/or (4) a combination of the above factors.
 
 
 5
 The district court rejected each of these arguments. Regarding aberrant behavior, the district court described Davies' conduct as "absolutely uncharacteristic" but believed Davies' reflection on whether to commit the robbery precluded departure on this ground. In rejecting Davies' physical vulnerability argument, the court stated that this ground was not a valid basis for departure in our circuit, but the court noted it would not depart even if physical vulnerability was a valid basis for departure. The district court believed that Davies' suitability for placement at the ICC in Lewisberg and his combination of factors argument were not valid grounds for departure.
 
 
 6
 Finding no basis for departure, the court sentenced Davies to the minimum guidelines recommended sentence of 41 months. This appeal followed.
 
 DISCUSSION
 Standard of Review
 
 7
 On appeal, Davies argues that the district court erroneously believed it lacked the authority to depart downward on any of the above-listed grounds. We discuss the district court's treatment of each ground in turn.
 
 
 8
 We review de novo a district court's legal interpretation and application of the sentencing guidelines. United States v. Mena, 925 F.2d 354, 355 (9th Cir.1991); United States v. Sanchez, 914 F.2d 1355, 1361 (9th Cir.1990), cert. denied, 111 S.Ct. 1626 (1991). But a district court's discretionary refusal to depart downward is not reviewable on appeal. United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990).
 
 Aberrant Behavior
 
 9
 Davies contends the district court erred in determining the correct test for aberrancy. The district court stated that "to find aberrant behavior, one must find that insufficient reflection of an otherwise law-abiding citizen existed." Reporter's Transcript (September 17, 1992) at 17-18. We review the district court's legal interpretation de novo and conclude that the district court misconstrued the applicable standard for aberrant behavior.
 
 
 10
 Our test for aberrant behavior takes into consideration the totality of the circumstances, not simply a defendant's reflection on his proposed crime. See United States v. Takai, 941 F.2d 738, 743 (9th Cir.1991); United States v. Fairless, No. 91-30344, slip op. 11419, 11426 (9th Cir. September 21, 1992). For example, we affirmed a district court's downward departure in Takai based in part on the defendant's naivete, lack of pecuniary gain, and outstanding good or charitable behavior. See Takai, 941 F.2d at 743-44. In Fairless, we affirmed the district court's finding of aberrancy based on several factors that included defendant's manic depression, suicidal behavior, and despair over his recently lost job. See Fairless, slip op. at 11430.
 
 
 11
 Here, however, the district court focused exclusively on Davies' overnight reflection on whether to commit the crime. The district court did not consider the totality of the circumstances surrounding Davies conduct. We therefore remand for resentencing in light of Takai and Fairless.
 
 Extreme vulnerability to Physical Assault
 
 12
 Davies contends that the district court erroneously concluded that it lacked authority to depart downward based on extreme vulnerability to physical assault while incarcerated. On appeal, Davies urges us to adopt the Second Circuit's decisions United States v. Gonzales, 945 F.2d 525 (2nd Cir.1991) and United States v. Lara, 905 F.2d 599 (2nd Cir.1990).
 
 
 13
 We need not determine whether physical vulnerability is a valid basis for departure from the guidelines. The district court assumed that this basis for departure was valid and exercised its discretion not to depart on this ground. This discretionary refusal is not reviewable. Robinson, 958 F.2d 268, 272 (9th Cir.1992).
 
 Suitability for Placement at ICC
 
 14
 Davies also contends that the district court erred in determining that his suitability for placement at the ICC facility could not serve as a mitigating circumstance warranting downward departure. We disagree.
 
 
 15
 A district court may depart from the guidelines only if it first finds "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines[.]" 18 U.S.C. § 3553(b); United States Sentencing Commission, Guidelines Manual § 5k2.0, at 5.42 (1991). Whether the Sentencing Commission considered a particular mitigating or aggravating circumstance is a question of law that we review de novo. United States v. Reyes, 966 F.2d 508, 510 (9th Cir.1992); United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc).
 
 
 16
 The ICC is a special minimum security facility operated like a boot camp. A prisoner is eligible for placement at ICC only if his sentence is for 30 months or less. The guidelines prescribe a minimum sentence of 41 months for Davies' crime. Davies is therefore ineligible for placement at ICC unless the district court grants him a downward departure to 30 months or less.
 
 
 17
 Davies' contention that he is eligible for a departure based on his suitability for placement at ICC is based on rehabilitation considerations. Rehabilitation is generally not an appropriate consideration for sentencing purposes, though it may justify a downward departure in unusual circumstances. See 28 U.S.C. § 994(k);[2] U.S.S.G. § 5K2.0; Fairless, slip op. 11429-30.
 
 
 18
 The district court found that Davies' rehabilitation needs were not unusual, and that other facilities besides ICC could meet those needs. These findings were not clearly erroneous. See United States v. West, No. 91-30085, slip op. 11367, 11370 (9th Cir. September 18, 1992) (a district court's finding that a particular circumstance is not extraordinary is reviewed for clear error).
 
 Combination of Factors
 
 19
 Finally, Davies contends that the district court erred by declining to depart downward based on a combination of the factors discussed above. Whether the district court believed it had authority to depart from the guidelines based on Davies' proposed combination of factors is a question of law subject to de novo review. United States v. Floyd, 945 F.2d 1096, 1098 (9th Cir.1991).
 
 
 20
 In United States v. Cook, 938 F.2d 149, 153 (9th Cir.1991), we recognized that a unique combination of factors may present a mitigating circumstance warranting downward departure. See also United States v. Floyd, 945 F.2d 1096 (9th Cir.1991) (lack of guidance and education, abandonment by one's parents, and imprisonment at the age of 17 combined into a mitigating circumstance warranting departure). The individual factors that may be considered in support of a departure must be factors not adequately considered by the guidelines. See, e.g., United States v. Floyd, 945 F.2d at 1099. If considered by the guidelines, a district court may only depart in extraordinary or unusual circumstances. West, slip op. at 11370; Fairless, slip op. at 11430.
 
 
 21
 On appeal, Davies contends that even if the above factors do not warrant departure individually, they constitute a mitigating circumstance warranting departure when taken together. The record below is not clear whether the district court exercised its discretion or if it believed the factors proposed by Davies could not be considered in combination. We therefore remand for clarification. See Morales, 898 F.2d at 103, n. 2.
 
 CONCLUSION
 
 22
 We VACATE Davies' sentence and REMAND to the district court to exercise its discretion in determining whether Davies is entitled to a downward departure based on aberrant behavior or a combination of factors. We reject Davies' remaining contentions that he was entitled to a downward departure based on either extreme vulnerability to physical assault while incarcerated or suitability for placement at the ICC.
 
 
 23
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 18 U.S.C. § 2113(a) provides in relevant part:
 Whoever, by force and violence, or by intimidation, takes ... or obtains ... any property or money ... belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association ... [s]hall be fined not more than $5,000 or imprisoned not more than twenty years, or both.
 
 
 [2]
 28 U.S.C. § 994(k) provides: The commission shall insure [sic] that the guidelines reflect the general inappropriateness of imposing a sentence to a term of imprisonment for the purpose of rehabilitating the defendant or providing the defendant with needed educational or vocational training, medical care, or other correctional treatment."