990 F.2d 1262
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frederick Allen GRUBER, Defendant-Appellant.
 No. 90-50138.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1992.
Decided March 18, 1993.
 
 Before BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gruber appeals his conviction and sentence for carrying a firearm during and in relation to a crime of violence. 18 U.S.C. § 924(c).
 
 
 3
 A. Gruber sought to challenge the validity of two prior convictions used to calculate his sentence. Under the Guidelines in effect at the time he was sentenced, "[c]onvictions which the defendant shows to have been constitutionally invalid may not be counted in the criminal history score." U.S.S.G. § 4A1.2 app. note 6 (1989).[1] Gruber's counsel, appointed under the CJA, requested authorization for expenditures pursuant to 18 U.S.C. § 3006A(e) to obtain the transcripts of Gruber's earlier plea proceedings. ER 86. The court denied the request. ER 100. To show the district court erred, Gruber "must demonstrate that reasonably competent retained counsel would require the investigative work sought for preparation of a defense for a client with the means to pay for it and that the denial therefore prejudiced appellant's defense." United States v. Fields, 722 F.2d 549, 551 (9th Cir.1983), cert. denied, 466 U.S. 931 (1984). The first element--whether retained counsel would or would not have requested the transcripts--is an inherently imprecise inquiry, due to its hypothetical nature. But we need not speculate here whether retained counsel would have sought these transcripts because we conclude Gruber didn't satisfy the second element--prejudice.
 
 
 4
 After the government establishes the existence of a prior conviction, "the defendant [has] the burden to establish the constitutional invalidity of the prior conviction for purposes of determining the criminal history category." United States v. Newman, 912 F.2d 1119, 1122 (9th Cir.1990); cf. Parke v. Raley, 113 S.Ct. 517, 524 (1992) ("Boykin does not prohibit [the sentencing court] from presuming, at least initially, that a final judgment of conviction offered for purposes of sentence enhancement was validly obtained."). Gruber offered nothing that suggested the prior pleas were invalid. On the contrary, his counsel declared that "Mr. Gruber wishes me to obtain the transcripts of the court proceedings to see if he was or wasn't properly informed of his constitutional rights when he pleaded guilty in the two prior cases." ER 88. This did not even rise to the level of speculation.
 
 
 5
 On the day of sentencing, February 26, 1990, Gruber filed a declaration claiming his prior pleas were invalid. Without specifying which of the pleas he was challenging, Gruber averred that he "was not advised of the right to assistance of counsel at trial," and "was not advised [of] the right to continued assistance of counsel should [he] change [his] plea and go to trial." ER 122. But notification of the right to counsel, while integral to Miranda warnings, is not a Boykin right; the failure to advise defendant of it doesn't call the plea into question. Nor did Gruber's assertion that "to the best of my recollection, I was not given all of my rights in those [plea] proceedings," ER 122, justify his request for transcripts. The vague reference to "all of [his] rights" was insufficient because, as we have said, only certain rights enumerated in Boykin are relevant for collateral attacks on pleas.
 
 
 6
 While the defendant need not prove conclusively that the plea was invalid--under Newman he must only raise a substantial question as to its validity--he must do more than say he doesn't remember what happened. This was, as the government aptly labelled it, "a pure fishing expedition." Appellee's Brief at 21. Because Gruber failed to carry his burden of coming forward with evidence challenging the prior convictions, he cannot show he was prejudiced by the court's refusal to authorize payment for the transcripts.
 
 
 7
 B. Gruber also argues the prosecutor committed misconduct in closing argument by commenting on the defense's failure to call certain witnesses. "In closing arguments, both defense attorneys and prosecution attorneys are allowed reasonably wide latitude." United States v. Birges, 723 F.2d 666, 671-72 (9th Cir.) (citation and quotation marks omitted), cert. denied, 469 U.S. 863 (1984). Moreover, we have held that "[t]he prosecutor may comment on the defendant's failure to present exculpatory evidence." United States v. Mares, 940 F.2d 455, 461 (9th Cir.1991); see also United States v. Reyes, 966 F.2d 508, 509 (9th Cir.), cert. denied, 113 S.Ct. 355 (1992); United States v. Castillo, 866 F.2d 1071, 1083 (9th Cir.1988) (collecting cases).
 
 
 8
 The prosecutor's comments here were highly pertinent. Gruber maintained he had not used a real firearm in the robberies, but a pellet gun instead. Yet he failed to call Brian Cantley, the person who allegedly gave him the toy gun and the only person who could have corroborated his story. Without Cantley, Gruber could offer nothing more than his own self-serving testimony. "As long as evidence can be solicited other than from the mouth of the accused, it is proper to comment upon the failure of the defense to produce it." United States v. Gomez-Olivas, 897 F.2d 500, 503 (10th Cir.1990); accord United States v. Martin, 696 F.2d 49, 52 (6th Cir.), cert. denied, 460 U.S. 1073 (1983).[2]
 
 
 9
 There are two important limitations on a prosecutor's ability to refer to the defendant's failure to present exculpatory evidence. First, such comments mustn't call attention to the defendant's failure to testify on his own behalf. United States v. Mares, 940 F.2d 455, 461 (9th Cir.1991); see also Griffin v. California, 380 U.S. 609 (1965) (prosecutor may not comment on defendant's refusal to take the stand). There was no risk that the jury would interpret the prosecutor's statements in this manner; Gruber took the stand.
 
 
 10
 Second, the prosecutor must not suggest by his comments that the defendant bears the burden of proof. See United States v. Segna, 555 F.2d 226, 230 (9th Cir.1977) (prosecutor argued to jury that defendant bore the burden of proving his insanity even after he made a preliminary showing to the contrary). Again, that concern was simply not present here. Even as he criticized the defendant's failure to call witnesses, the prosecutor explicitly reminded the jury "the defendant has no burden of any type to produce any evidence, or to call any witnesses." RT 9/14/89 at 46; see also id. The court also instructed the jury as to the burden of proof several times, including curative instructions in response to objections by Gruber. Id. at 49, 52, 63. The district court therefore didn't abuse its discretion in permitting the prosecutor to make these comments.
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Application note 6 has since been amended; it now states that "sentences resulting from convictions that a defendant shows to have been previously ruled constitutionally invalid are not to be counted." (emphasis added). We have recently held that, even under the amended Guidelines, the Constitution mandates that "a defendant who is being sentenced under the Guidelines may mount constitutional attacks upon prior convictions which would otherwise be used to increase the punishment imposed upon him." United States v. Vea-Gonzales, No. 91-30469, slip op. 1329, 1345 (9th Cir. Feb. 22, 1993)
 
 
 [2]
 The prosecutor was also justified in pointing out that Gruber didn't call his wife/girlfriend, nor any of his associates, to testify that he wasn't the sort of person who would tote a gun. RT 9/14/89 at 52. Finally, the prosecutor's comments regarding the failure of Gruber's expert witness to retrieve the toy gun from the truck related only to the Bank of America robbery. Id. at 52. As Gruber was acquitted on this count, any error was obviously harmless