15 F.3d 1091
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Terry A. DOUGLAS, Defendant-Appellee.
 No. 93-30084.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1993.
Decided Dec. 7, 1993.
 
 1
 Before: GOODWIN and HUG, Circuit Judges, and MCKIBBEN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The defendant pled guilty to violations of 18 U.S.C. Sec. 1511 (obstruction of state or local law enforcement) and 18 U.S.C. Sec. 1955 (prohibition of illegal gambling business). At sentencing, the court made a downward departure under U.S.S.G. Sec. 5K2.0 and imposed a sentence of three years probation, including six months of home confinement. The government appeals this downward departure arguing that it was based upon the court's desire for parity between Douglas and his codefendant, an improper basis for departure under the Sentencing Guidelines. We agree.
 
 A. Downward Departures Based on Parity
 
 4
 This Court reviews a district court's determination that it had authority to depart from the applicable Sentencing Guidelines range de novo. United States v. Vilchez, 967 F.2d 1351, 1353 (9th Cir.1992). In addition, any findings of fact by the court are reviewed for clear error and the extent of the departure is reviewed for reasonableness. United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir.1991).
 
 
 5
 This Court has rejected parity between codefendants as an acceptable basis for departure from the appropriate sentencing range on several occasions. In United States v. Mejia, 953 F.2d 461 (9th Cir.1991), cert. denied, 112 S.Ct. 1983 (1992), this Court expressly rejected departures based upon sentence disparities between codefendants. The Court stated that such a departure places the defendant's sentence "out of line with sentences imposed on all similar offenders in other cases." Any notions of disparity between codefendants is trumped by the greater need for uniformity among like defendants. 953 F.2d at 468.
 
 
 6
 This Court affirmed this principle in Vilchez. There, we stated that "district courts may not depart downward for the purpose of avoiding unequal treatment of codefendants." 967 F.2d at 1353. Again in United States v. Petti, 973 F.2d 1441 (9th Cir.1992), cert. denied, 113 S.Ct. 1859 (1993), we stated that district courts "may not depart downward to correct sentencing disparities between codefendants." Id. at 1448. See also United States v. Reyes, 966 F.2d 508 (9th Cir.1992), cert. denied, 113 S.Ct. 355 (1992).
 
 
 7
 The district court specifically stated in its judgment that the reason for its downward departure was to achieve parity between defendant's sentence and that of defendant Leif Merrill Field. This basis was inappropriate and did not provide the court with legal authority to depart.
 
 B. The "Unique" Nature of the Case
 
 8
 Douglas relies on comments by the court during sentencing to argue that the downward departure was proper under U.S.S.G. Sec. 5K2.0 because of unusual or mitigating circumstances. This reliance, however, is not supported by the record. Many of the cited comments by the court, including the court's concern for the disparate impact of unequal sentences upon the two codefendants and the perception of the sentences within the community, are factors leading the court to its perceived need for parity. In addition, the court's disagreement with the government's refusal to file a motion for substantial assistance on behalf of Douglas also fails to provide a basis for the downward departure. United States v. Goroza, 941 F.2d 905, 909 (9th Cir.1991).
 
 
 9
 Finally, even assuming that the court's comments support Douglas' contention that the court based its downward departure on the "atypical" nature of this case, the court failed to identify any specific factors which make this case atypical or unique.[1] The court's comments about the "circumstances" in Shoshone County are insufficient to render this case "atypical" for sentencing purposes. In addition, the government correctly contends that this case does not present a fact pattern or circumstances so unusual as to qualify it as "unique" for purposes of sentencing. Therefore, this argument also fails to provide a legal basis for the departure.
 
 C. Double Jeopardy
 
 10
 Douglas also asserts that since his home detention sentence will be complete before oral argument in this appeal, an increased sentence would violate the double jeopardy clause of Article V of the U.S. Constitution because of his reasonable expectation of finality in the initial sentence. This Court has recognized, however, that there is no expectation of finality in an illegal sentence improperly calculated under the guidelines which is subject to modification. United States v. Kane, 876 F.2d 734, 736 (9th Cir.1989), cert. denied, 493 U.S. 861 (1989).
 
 
 11
 Accordingly, the sentence is VACATED and the proceedings REMANDED for resentencing.
 
 
 
 *
 The Honorable Howard D. McKibben, United States District Judge, District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Douglas' argument that the court made the downward departure based upon the unique nature of this case is grounded in this Court's recognition that a downward departure may be appropriate where the court finds an atypical case, "one where conduct significantly differs from the norm." United States v. Cook, 938 F.2d 149, 153 (9th Cir.1991) (quoting U.S.S.G. Ch. 1, Pt. A, Sec. 4(b)) (emphasis added). See also United States v. Anders, 956 F.2d 907 (9th Cir.1992), cert. denied, 113 S.Ct. 1592 (1993); United States v. Berlier, 948 F.2d 1093 (9th Cir.1991)