21 F.3d 1118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steve Daniel PALASTY, Defendant-Appellant.
 No. 92-30390.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1993.*
Decided Feb. 25, 1994.
 
 Before: BROWNING, NORRIS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steven Palasty was convicted of armed bank robbery under 18 U.S.C. Sec. 2113 and of use of a firearm in connection with a violent felony under 18 U.S.C. Sec. 924(c). The district court sentenced Palasty to 109 months imprisonment for the armed robbery count and to 60 months for the firearm count, for a total of 169 months. Palasty appeals both his conviction and his sentence. We affirm.
 
 
 3
 * Palasty asserts that he should receive a new trial because he was denied effective assistance of counsel in violation of the Sixth Amendment. Although Palasty has raised his ineffective assistance claim on direct appeal rather than pursuing a collateral proceeding under 28 U.S.C. Sec. 2255, we will consider it because the record is sufficiently complete. United States v. Molina, 934 F.2d 1440, 1446 (9th Cir.1991). To prevail, Palasty must show (1) that specific acts or omissions of his counsel fell below a standard of professional reasonableness, and (2) that these acts or omissions were prejudicial. Strickland v. Washington, 466 U.S. 668, 693-94 (1984). To show prejudice, Palasty must demonstrate a reasonable probability that, absent an error or omission, the factfinder would have had a reasonable doubt respecting his guilt. Id. at 695.
 
 
 4
 None of Palasty's claims of ineffectiveness have merit. First, although Palasty contends that his trial counsel failed to give proper notice to the prosecution of alibi witnesses whom he intended to call at trial, the district court nevertheless gave those witnesses the opportunity to testify. Second, Palasty asserts that his trial counsel violated a court order requiring him to file jury instructions, a voir dire and a trial brief. However, the district court identified jury instructions that it believed were necessary and then added them; and Palasty has not identified any jury instructions that his trial counsel should have tendered but did not. Palasty's claim regarding the voir dire suffers from the same defect: he has not identified any voir dire testimony that indicates that any jurors held any improper biases. See Paradis v. Arave, 954 F.2d 1483, 1491 (9th Cir.1992), vacated on other grounds, 113 S.Ct. 1837 (1993). There also is no evidence that the trial attorney's failure to file a trial brief prejudiced Palasty.
 
 
 5
 Third, Palasty argues that his trial counsel "[m]ade a perfunctory FRCRP 29 motion, which suggests that counsel wasn't prepared for the defense of his case." Palasty also makes the related claim that his attorney failed to renew this motion after both the prosecution and the defense had rested. A district court considering a motion for acquittal under Federal Rule of Criminal Procedure 29 follows the same standard as an appellate court weighing the sufficiency of the evidence for a conviction. United States v. Merriweather, 777 F.2d 503, 507 (9th Cir.1985). The evidence adduced at trial is viewed in the light most favorable to the prosecution, and an acquittal should be ordered only if no rational jury could have found sufficient evidence to convict Palasty. Id.; see also United States v. Heuer, 916 F.2d 1457, 1461 (9th Cir.1990). As discussed below, sufficient evidence existed to convict Palasty.
 
 
 6
 Finally, Palasty observes that his trial counsel could not recall his name during trial. This misstatement was made outside the presence of the jury and did not confuse the trial judge. Palasty thus suffered no prejudice.
 
 II
 
 7
 Palasty contends that there was insufficient evidence to convict him. We reject this claim.
 
 
 8
 The government adduced sufficient evidence at trial to convict under 18 U.S.C. Sec. 2113(a). Evidence identified Palasty as the person who held up the Seafirst Bank. Palasty's fingerprints were found on the license plate of the getaway truck, shell casings found in his house were identified as having been fired from a gun used during the robbery, two radios of the same make as those used in the robbery were missing from Palasty's employer, and Steve Mattson confessed that he and Palasty had committed the robbery. In addition, the bank was federally insured.
 
 
 9
 Sufficient evidence also exists to satisfy the elements required for a conviction under section 924(c). As discussed above, evidence proved that Palasty committed the robbery, a violent felony. Further, there is evidence that Palasty brandished his gun several times during the robbery to threaten bank employees and shot at a bystander during his getaway.
 
 III
 
 10
 Palasty asserts that the district court improperly enhanced his sentence. Palasty had written two letters to Steve Mattson, urging him not to testify. In one letter Palasty wrote, "[d]o you know what happens to snitchs in prison, no one's that tuff man." Because threatening a witness in order to silence him or her at trial is an obstruction of justice, the enhancement under section 3C1.1 was warranted.[1] United States v. Jackson, 974 F.2d 104, 106 (9th Cir.1992).
 
 IV
 
 11
 Palasty argues that the prosecutor improperly commented on his invocation of his Fifth Amendment right not to testify. However, the government did not comment on Palasty's silence; it remarked only on the reasons why Mattson agreed to testify. Since the commentary was made in order to rebut Palasty's effort to impeach Mattson's credibility, it does not require reversal because it was neither manifestly intended to call attention to, nor naturally and necessarily viewed as a comment about, Palasty's refusal to testify. United States v. Castillo, 866 F.2d 1071, 1083 (9th Cir.1988); see, e.g., United States v. Davis, 960 F.2d 820, 828-29 (9th Cir.1992). In addition, even if the commentary had been directed at Palasty rather than Mattson, it does not require reversal because it was isolated rather than extensive, and the prosecution did not suggest that an inference of guilt should be inferred from Palasty's silence. See United States v. Reyes, 966 F.2d 508, 509 (9th Cir.1992).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Palasty argues that application note 1 to Sec. 3C1.1 requires the court to evaluate the facts underlying the enhancement "in a light most favorable to the defendant." However, this statement in the application note referred only to how a court should construe allegedly false testimony or statements by a defendant. U.S.S.C., Guidelines Manual Sec. 3C1.1 (n. 1). The note thus is entirely irrelevant to Palasty's enhancement, which did not arise from false testimony