26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Billie Jo GUSTAFSON, Defendant-Appellant.
 Nos. 93-50594, 93-50597.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 1, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, Billie Jo Gustafson appeals her conviction and eighteen-month sentence imposed following her guilty plea to armed bank robbery in violation of 18 U.S.C. Sec. 2113(a), (d), and the district court's pre-conviction order denying a motion for expert services. Gustafson contends that: (1) her guilty plea was involuntary, (2) the district court erred by denying her motion for expert services, and (3) the district court's order denying her motion for expert services resulted in the denial of due process at the sentencing hearing. We have jurisdiction under 28 U.S.C. Sec. 1291. We dismiss in part and vacate and remand in part.
 
 
 3
 * Background
 
 
 4
 Before pleading guilty, Gustafson requested expert psychiatric services pursuant to 18 U.S.C. Sec. 3006A(e). The district court denied the motion, and Gustafson filed a notice of appeal. Gustafson then pleaded guilty and agreed to waive her right to appeal her conviction in a plea agreement. The plea agreement stated that Gustafson agreed "that if the Sentencing Court adopts the recommendations made by both parties in this Plea Agreement, she will abandon any pending appeal and will not appeal the sentence imposed pursuant to the plea." At both the change of plea hearing and at sentencing, Gustafson's counsel stated that Gustafson would not appeal the sentence and would abandon the pending appeal of the district court's order denying Gustafson's motion for expert services if the district court followed Gustafson's sentencing recommendations. The district court sentenced Gustafson but did not depart downward from the applicable Guideline range pursuant to U.S.S.G. Sec. 5K2.12 or Sec. 5K2.13, as recommended in the plea agreement.
 
 II
 Knowing and Voluntary Guilty Plea
 
 5
 The government argues that Gustafson waived her challenge to the district court's denial of expert services because Gustafson pleaded guilty. Gustafson claims that her plea was conditional. Alternatively, she contends that her unconditional plea was involuntary and unknowing.
 
 
 6
 We review de novo whether a guilty plea is knowing and voluntary. United States v. Anderson, 993 F.2d 1435 1437 (9th Cir.1993).
 
 
 7
 A conditional plea must be in writing, must specify the issues to be reserved, and must "have the approval of the court and the consent of the government." Fed.R.Crim.P. 11(a)(2); see United States v. Carrasco, 786 F.2d 1452, 1453-54 (9th Cir.1986). We construe Rule 11(a)(2) requirements strictly. See United States v. Echegoyen, 799 F.2d 1271, 1275-76 (9th Cir.1986).
 
 
 8
 An unconditional guilty plea must be knowing and voluntary. See McCarthy v. United States 394 U.S. 459, 466-67 (1969). An involuntary plea results where the defendant enters an unconditional plea believing that the plea is conditional. See United States v. Cortez, 973 F.2d 764, 767-68 (9th Cir.1992); Carrasco, 786 F.2d at 1454-55.
 
 
 9
 Here, the written plea agreement states that the plea is unconditional and that Gustafson agrees to waive her right to appeal the judgment of conviction. Furthermore, the government denies that the plea is conditional, and the district court did not approve a conditional plea. See Echegoyen, 799 F.2d at 1276. Because Gustafson's plea agreement lacked a clear written statement of the issues reserved for appeal, and because the government and district court did not acquiesce to the entry of a conditional plea, the plea was not conditional. See Fed.R.Crim.P. 11(a)(2); Cortez, 973 F.2d at 766; United States v. Alexander, 761 F.2d 1294, 1303 (9th Cir.1985) (issues in conditional plea must be defined precisely); Carrasco, 786 F.2d at 1454 (no conditional plea where parties' statements are ambiguous, special writing lacking, and government denies approving conditional plea).
 
 
 10
 As to the voluntary nature of Gustafson's guilty plea, Gustafson's counsel indicated at the change of plea hearing and at sentencing that Gustafson would continue prosecuting the pending interlocutory appeal and appeal the sentence if the district court did not follow Gustafson's sentencing recommendations. Although the district court opined that the denial of the expert services motion was not a final order, counsel and presumably Gustafson believed it could be appealed. We cannot conclude that Gustafson knew that her interlocutory appeal was improper or that she understood that her plea waived her right to appeal the denial of her motion for expert services. See United States v. Broce, 488 U.S. 563, 569-75 (1988) (guilty plea waives right to appeal deprivation of constitutional rights occurring before entry of guilty plea). Based upon the plea agreement and counsel's statements, Gustafson reasonably could have understood that her plea was conditional.[1] See Carrasco, 786 F.2d at 1455. Accordingly, we vacate Gustafson's conviction and sentence and remand to the district court so that she may plead anew. See Cortez, 973 F.2d at 769; Carrasco, 786 F.2d at 1455.
 
 III
 Interlocutory Appeal
 
 11
 The district court's order denying expert services is not an appealable collateral order but is reviewable as part of Gustafson's appeal from the final judgment. See Midland Asphalt Corp. v. United States, 489 U.S. 794, 799 (1989) (collateral order not final or appealable unless the order: (1) conclusively determines a disputed issue, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from the final judgment); Flanagan v. United States, 465 U.S. 259, 265 (1984) (requirements of collateral order exception interpreted "with the utmost strictness in criminal cases"); United States v. Fields, 722 F.2d 549, 550-51 (9th Cir.1983) (appellate court has jurisdiction to review order denying expert services if defendant appeals final judgment of conviction), cert. denied 466 U.S. 931 (1984). Because we lack jurisdiction over Gustafson's interlocutory appeal of the district court's order, we dismiss appeal No. 93-50594.[2]
 
 
 12
 DISMISSED in part, VACATED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Gustafson's guilty plea is involuntary, her waiver of the right to appeal her conviction in the plea agreement is invalid. See United States v. Navarro-Botello, 912 F.2d 318, 320-22 (9th Cir.1990), cert. denied, 112 S.Ct. 1488 (1992)
 
 
 [2]
 Because we vacate and remand, we need not address Gustafson's claim that she was denied due process at the sentencing hearing as a result of the district court's denial of her motion for expert services