107 F.3d 878
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee, Cross-Appellant,
v.
Cornelious Wardell HARRIS, III, Defendant-Appellant, Cross-Appellee.
 No. 95-10506, 95-10551.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 8, 1996.
Decided Feb. 25, 1997.
 
 Before: HUG, Chief Judge, REAVLEY* and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cornell Wardell Harris appeals his conviction for conspiracy to commit bank robbery and armed bank robbery and for use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 371, 2113(a) and (d), and 924(c). His sentencing guideline range on both counts was 41 to 51 months, based on an offense level of 22 and a criminal history category of I. The Government concurred with the presentence report recommendation that Harris be sentenced to 41 months (concurrent) on both counts. At sentencing, the district court departed downward ten points, finding his offense "aberrant behavior" and "out of character".
 
 
 3
 At a pretrial hearing, Harris conceded that he had not timely complied with notice of alibi requirements of Fed.R.Crim.P. 12.1. The court asked defendant why he delayed over six weeks in identifying the proposed witnesses, two kinsmen and a friend who would testify that Harris was with them at the time of the robbery. Harris failed to justify or explain his delay, and the court granted the government's motion to exclude the alibi witnesses.
 
 
 4
 Harris contends the district court violated his Sixth Amendment right to present a defense, or alternatively abused its discretion by excluding the testimony of his alibi witnesses under Rule 12.1. The government cross-appeals Harris' sentence, alleging that the district court abused its discretion when it granted a ten-level downward departure. We affirm Harris' conviction, vacate his sentence and remand for resentencing.
 
 
 5
 Appellate review of the exclusion of alibi witnesses for Rule 12.1 violations is for abuse of discretion. United States v. Barron, 575 F.2d 752, 757 (9th Cir.1978). The application of Rule 12.1 sanctions for failure to comply with the notice-of-alibi requirements, while essential to the effectiveness of the rule, involves a preliminary "careful weighing of the defendant's interest in a full and fair trial against the interests of avoiding surprise and delays." Id. The district court excluded the proposed testimony only after Harris failed to offer the court any reasons for his delay. Without more, the court was prevented from a more explicit "weighing of interests," and did not abuse its discretion in excluding the testimony.
 
 
 6
 As Harris did not raise a Sixth Amendment claim for the exclusion of alibi testimony at trial, we review this claim for plain error. Fed.R.Crim.P. 52(b); United States v. Santiago, 46 F.3d 885, 890 (9th Cir.1995) cert. denied, 115 S.Ct. 2617 (1995). Harris has not shown that the alleged error was a plain error that affected his substantial rights, nor why reversal is necessary to avoid a miscarriage of justice. See United States v. Olano, 507 U.S. 725, 731-32 (1993).
 
 
 7
 The proof against Harris was compelling. His fingerprints were found on a bank receipt in the getaway car and on money dropped fleeing from the car. His two confederates testified that Harris participated in the planning and execution of the robbery. Two other witnesses identified him as having been present where and when the third robber was escaping from the police. And, though he knew the police were looking for him for the robbery, he hid out for ten days. We are not impressed by a last minute claim that a friend and two cousins would give him an alibi.
 
 
 8
 While Sixth Amendment rights may be implicated if a discovery sanction excludes testimony of a defendant's material witness, such sanctions are upheld where the discovery violation was found to "fit [ ] into the category of willful misconduct in which the severest sanction is appropriate." Taylor v. Illinois, 484 U.S. 400, 417 (1988). Harris conceded that he had not timely complied with Rule 12.1, and offered no explanation for why his violation was not similarly willful or blatant. The discovery rule protects the integrity of the adversary process by preventing "[d]efendants who are willing to fabricate a defense [and who] may also be willing to fabricate excuses for failing to comply with a discovery requirement." Id. at 413. The district court was not required to apply less drastic sanctions, and did not commit plain error in excluding the proposed testimony.
 
 
 9
 The court's ten level downward departure is reviewed under the abuse of discretion standard, to determine whether the district court relied on a factor which does not take the case out of the heartland of Guideline cases, or a factor which had already been taken into account in the provisions of the Guideline. Koon v. United States, 116 S.Ct. 2035, 2046-48 (1996). United States v. Beasley, 90 F.3d 400, 402-03 (9th Cir.1996).
 
 
 10
 The district court held that because: (1) Harris' conspiracy and robbery were spontaneous, (2) his actions constituted a single act, (3) he had no prior criminal convictions and his conspiracy and robbery were "out of character," this case fell outside the heartland of cases contemplated by the Guidelines. The court further held that the ten point downward departure was justified because it would help achieve proportionality between Harris' and co-defendant Valentine's sentences.
 
 
 11
 The three factors cited by the court do not singly or in combination satisfy the requirement from Koon that they be factors placing this case outside the heartland of cases contemplated by the Guidelines, either because they are those that make a case atypical, or have not already been taken into account. Koon at 2044-46. A first offense conviction does not without more qualify this act as aberrant behavior. United States v. Dickey, 924 F.2d 836, 838 (9th Cir.), cert. denied, 502 U.S. 943 (1991). Indeed, first offenders are already treated differently in the Guideline provisions. Harris' lack of criminal history should not have been considered as supporting a downward departure. Defendant offered no mitigating circumstances relied on by the court below to depart downward other than a lack of prior criminal convictions. Additionally, Harris conviction for conspiracy is contrary to a finding that his act was spontaneous.
 
 
 12
 While district courts have latitude to take into account factors not considered by the Guideline provisions, certain factors have been held to be impermissible grounds for departure: "disparity in the sentences received by co-accused is not an appropriate basis for downward departure from the Guidelines." United States v. Reyes, 966 F.2d 508, 510 (9th Cir.1992). See also United States v. Vilchez, 967 F.2d 1351, 1353 (9th Cir.1992); United States v. Mejia, 953 F.2d 461, 468, (9th Cir.1991) cert. denied, 504 U.S. 926 (1992).
 
 
 13
 The evidence of record does not support the district court's determination of Harris' behavior as placing this case outside the heartland of guideline cases. Accordingly, a downward departure of ten points, for the three reasons stated in the opinion and for improperly looking to the co-defendant's sentences was an abuse of discretion.
 
 
 14
 The conviction is affirmed, and the sentence is vacated and remanded to district court for resentencing.
 
 
 15
 AFFIRMED IN PART, REMANDED IN PART.
 
 
 16
 HUG, Chief Judge, concurring and dissenting.
 
 
 17
 I concur in the portion of the disposition affirming the conviction, but dissent from the portion vacating the sentence. Applying the abuse of discretion standard announced in Koon v. United States, 116 S.Ct. 2035 (1996), I would affirm the sentencing departure for the reasons stated by the district court.
 
 
 
 *
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3