UNITED STATES of America,
Plaintiff-Appellee,

v.

Barbara Eunice CARRASCO,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellant,

v.

Barbara Eunice CARRASCO and
German Rivera-Jiminez,
Defendants-Appellees.

Nos. 84–5275, 84–5258.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 1986.

Decided April 15, 1986.

Before FLETCHER, FERGUSON, and NELSON, Circuit Judges.

FLETCHER, Circuit Judge:

## INTRODUCTION

This case is a consolidation of two appeals arising from the indictment of Barbara Carrasco and German Rivera-Jiminez for violations of 18 U.S.C. § 371 (conspiring to transport and harbor illegal aliens), and 8 U.S.C. § 1324(a)(3) (harboring illegal aliens). Carrasco appeals the denial of her motion to suppress evidence pertaining to the first count, and the government appeals the district court's dismissal of the second count against both Carrasco and Rivera-Jiminez.

## FACTS

Before trial, the defendants moved to suppress evidence taken from the home where they were arrested, asserting that the police officers' warrantless entry of the home violated the Fourth and Fourteenth Amendments. The district court denied the motion.

During the course of plea negotiations, the government attorney offered the defendants a plea agreement that provided that the defendants enter a conditional plea of guilty to count one of the indictment in return for the government moving to dismiss count two. The conditional plea, made pursuant to Fed.R.Crim.P. 11(a)(2), would permit the defendants to appeal the denial of their Fourth and Fourteenth Amendment claims and, if successful, to withdraw their guilty pleas. Carrasco and Rivera-Jiminez accepted the plea agreement, but the government withdrew the offer before the pleas were entered. The defendants then pled guilty to count one of the indictment and prepared for trial on count two. The district court subsequently dismissed count two *sua sponte.*

## *THE APPEAL OF THE DENIAL OF THE MOTION TO SUPPRESS*

We do not have jurisdiction[1] to decide Carrasco's appeal of the denial of

Enrique Romero, Asst. U.S. Atty., Robert C. Bonner, U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Philip Deitch, Los Angeles, Cal., for defendant-appellant.

---

1. Jurisdiction would be under 28 U.S.C. § 1291 and Fed.R.Crim.P. 11(a)(2).

the suppression motion unless she entered a valid conditional plea.[2]

Federal Rule of Criminal Procedure 11(a)(2) authorizes conditional guilty pleas. The rule was designed to enable a defendant to preserve significant pretrial issues for appeal without having to go through trial in a case where acquittal appears unlikely unless the defendant prevails on the pretrial motion. *See* Fed.R.Crim.P. 11(a)(2) advisory committee note, 18 U.S.C.A. at 3 (West Supp.1985). Prior to the promulgation of Rule 11(a)(2), a defendant seeking to appeal an adverse pretrial ruling was compelled to go to trial simply to preserve her claim, even though she would have pled guilty had she been certain that the appeal would have proved unavailing. The conditional plea thus spares both the parties and court the time, effort, and expense of a trial that is a mere formality. The defendant may enter a guilty plea conditioned on the appellate court's affirmance of the adverse pretrial ruling; if the defendant prevails on appeal, the plea is withdrawn. *Id.*

Rule 11(a)(2) requires that a conditional plea include a writing and have "the approval of the court and the consent of the government." Fed.R.Crim.P. 11(a)(2). The writing requirement serves several purposes: it ensures that the plea is entered with "the considered acquiescence of the government";[3] it prevents "post-plea claims by the defendant that his plea should be deemed conditional merely because it occurred after denial of his pretrial motions"; and it enables the court to verify that the issues reserved for appeal are

material to the disposition of the case. Advisory committee note, *supra*, at 4; *accord United States v. McHugh*, 583 F.Supp. 290, 293–94 (D.R.I.1984); *see also United States v. Burns*, 684 F.2d 1066, 1071 (2d Cir.1982), *cert. denied*, 459 U.S. 1174, 103 S.Ct. 823, 74 L.Ed.2d 1019 (1983).

■ The discussion among Carrasco, her counsel, the assistant U.S. attorney, and the district court judge prior to the entry of Carrasco's plea does not establish that the government manifested assent to a conditional plea; the government attorney reasonably could have believed, based on the exchange, that Carrasco was entering an unconditional plea. The "writing" that Carrasco offered, a simple notice that the plea was intended to be conditional, did not specify which pretrial issues would be reserved for appeal and thus lends little support to Carrasco's contention that there was "considered acquiescence" by the government and approval by the court. In the absence of a special writing setting forth the issues to be reserved, and in the face of the government's denial of any assent to the plea being conditional and the ambiguity in each side's remarks, we cannot conclude that the government assented to a conditional plea. Accordingly, we hold that Carrasco has not entered a valid conditional plea and that we have no jurisdiction over her appeal of the denial of the motion to suppress evidence.

■ We further conclude that Carrasco's plea fails as an unconditional plea. An unconditional guilty plea must be both

---

**2.** The alternatives to a conditional plea having been entered are either that an *un*conditional plea has been entered or that no plea has been entered. Generally, an unconditional guilty plea constitutes a waiver of Fourth Amendment claims. *See Lefkowitz v. Newsome*, 420 U.S. 283, 288–89, 95 S.Ct. 886, 889, 43 L.Ed.2d 196 (1975); *United States v. Leming*, 532 F.2d 647 (9th Cir.1975), *cert. denied*, 424 U.S. 978, 96 S.Ct. 1485, 47 L.Ed.2d 749 (1976); *Hoffman v. United States*, 327 F.2d 489, 490–91 (9th Cir.1964). *See generally* 1 C. Wright, Federal Practice & Procedure § 175, at 624 (West 1982). Sentencing after the entry of a guilty plea constitutes the final judgment essential to our jurisdiction; if no valid plea has been entered, we cannot review a pretrial order adverse to the defendant.

*See* 28 U.S.C. § 1291; *United States v. Duardi*, 514 F.2d 545 (8th Cir.1975); *see also United States v. Ballester*, 763 F.2d 368, 369 (9th Cir.), *cert. denied*, — U.S. —, —, 106 S.Ct. 126, 128, 88 L.Ed.2d 103, 105 (1985).

**3.** A number of circuits, including the Second, permitted conditional pleas prior to the promulgation of Rule 11(a)(2). *See* advisory committee note, *supra*. In *United States v. Burke*, 517 F.2d 377 (2d Cir.1975), the Second Circuit held that "silence on [the government's] part is sufficient assent" to a conditional plea agreement. *Id.* at 379. Rule 11(a)(2) represents a departure from *Burke* and an insistence on unequivocal government acquiescence. Advisory committee note, *supra*, at 4.

knowing and voluntary. *See* Fed.R.Crim.P. 11(c)–(d); *McCarthy v. United States*, 394 U.S. 459, 464–67, 89 S.Ct. 1166, 1169–71, 22 L.Ed.2d 418 (1969); *Heiden v. United States*, 353 F.2d 53 (9th Cir.1965); *see also Gates v. United States*, 515 F.2d 73, 79 (7th Cir.1975). Based on the record before us, we are unable to find the government's considered acquiescence in a conditional plea. We likewise are unable to conclude that Carrasco understood that her plea was unconditional.

The record shows that Carrasco was aware that the government had withdrawn its offer to move for the dismissal of count two and would not speak on her behalf at sentencing. Appellant nonetheless filed notice that her plea was conditional, suggesting that appellant believed that even though the government would not move for the dismissal of count two, the guilty plea still permitted the preservation of her pre-trial issues for appeal.

The exchanges in the courtroom between counsel and those between counsel and the court were ambiguous.[4] Carrasco reasonably could have believed that her plea was conditional, based on both previous discussions with the assistant U.S. attorney and the ambiguous exchange in the courtroom. Accordingly, we cannot conclude that she knowingly and voluntarily entered an unconditional guilty plea.

Carrasco's sentence must be vacated, and the defendant must be offered an opportunity to plead anew. *See McCarthy v. United States*, 394 U.S. at 471–72, 89 S.Ct. at 1173–74.

### DISMISSAL OF COUNT II

After Carrasco and Rivera-Jiminez entered their pleas to count one of the indictment, the district judge dismissed count two on his own motion "in the interest of justice." The judge indicated that he could impose an appropriate sentence based on count one alone and, accordingly, that nothing would be gained by going to trial on count two. We conclude that the court's dismissal of count two was error because it improperly intruded upon the prosecutor's discretion.

Charging decisions are generally within the prosecutor's exclusive domain. *United States v. Miller*, 722 F.2d 562, 565 (9th Cir.1983); *see also United States v. De Bright*, 730 F.2d 1255, 1257 (9th Cir.1984). Because the separation of powers mandates judicial respect for the prosecutor's independence, *United States v. Sears, Roebuck & Co.*, 719 F.2d 1386, 1391 (9th Cir. 1983), *cert. denied*, 465 U.S. 1079, 104 S.Ct. 1441, 79 L.Ed.2d 762 (1984), an indictment will be dismissed only in flagrant cases of prosecutorial misconduct, *id.* (citing *United States v. Kennedy*, 564 F.2d 1329, 1338 (9th Cir.1977), *cert. denied*, 435 U.S. 944, 98 S.Ct. 1526, 55 L.Ed.2d 541 (1978)). Dismissal may be based either on constitutional grounds or on the court's exercise of its supervisory powers, *United States v. Chanen*, 549 F.2d 1306, 1309 (9th Cir.1977), *cert. denied*, 434 U.S. 825, 98 S.Ct. 72, 54 L.Ed.2d 83 (1977), and the appropriate analysis will differ accordingly, *see United States v. McClintock*, 748 F.2d 1278, 1284–85 (9th Cir.1984), *cert. denied*, —— U.S. ——, 106 S.Ct. 75, 88 L.Ed.2d 61 (1985). The purpose of a dismissal may be to preserve fairness to the individual defendant, to deter prosecutorial misconduct, or to protect judicial integrity. *See McClintock*, 748 F.2d at 1284–85.

---

4. Counsel for Carrasco, in explaining that the government was no longer willing to accept his client's plea, stated, "[C]ounsel agreed to accept our count one, for a plea, and I filled out the conditional plea documents, which was a part of our agreement.... We are willing at this point to proceed with our plea to count one as we have agreed with the government.... She is willing to plead as agreed." The government's counsel stated, in response to Carrasco's counsel's statement and query by the court, "I don't see any reason why the court cannot accept a guilty plea to count one and then proceed as to evidence on count two." The court responded "Very well." Later, the court queried the defendants: "Do you understand there is no plea agreement?" to which both defendants responded "Yes." The court then qualified his question by stating, "In other words, you have not entered into any agreement with the government which would indicate that the government [was] willing to either speak on your behalf or to move for dismissal of remaining counts, or anything of that nature."

None of these interests are implicated when an indictment is dismissed, as in this case, merely because the court considers it unnecessary in determining the appropriate sentence. The district court may well have concluded that the sentence would be the same whether or not defendants were convicted on count two; nevertheless, it is the prosecutor, not the court, who has the primary responsibility for determining which violations of the law will be prosecuted. *De Bright*, 730 F.2d at 1257. Absent a constitutional violation or some form of misconduct justifying an exercise of its supervisory powers, a court errs when it interferes with decisions which are properly within the domain of the prosecutor. *See Chanen*, 549 F.2d at 1309.

Accordingly, we reverse appellant Carrasco's conviction and remand to the district court for the entry of a plea or for trial. We also reverse the district court's dismissal of count two of the superseding indictment.