892 F.2d 84
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daroush Broumand NAHIJI, Defendant-Appellant.
 No. 88-5381.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 11, 1989.
Decided Dec. 13, 1989.
 
 1
 Before SCHROEDER and BEEZER, Circuit Judges, and SAMUEL P. KING*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant/Appellant Daroush Broumand Nahiji ("Nahiji") appeals the district court's denial of his motion to suppress his post-arrest statements. We affirm.
 
 
 4
 Nahiji was charged with possession with intent to distribute approximately one kilogram of cocaine. Upon the denial of his motion to suppress, Nahiji pled guilty to the charge. The United States District Court for the Central District of California, the Honorable Mariana Pfaelzer presiding, sentenced Nahiji to five years in prison, with a four-year period of supervised release to follow.
 
 
 5
 The circumstances surrounding the guilty plea evince a clear understanding among the parties and the court that it was intended to be a conditional plea. Indeed, the government concedes that it did not object to the entry of a conditional plea. Nahiji, however, failed to comply with Fed.R.Crim.P. 11(a)(2) ("Rule 11(a)(2)"), which requires that a defendant entering a conditional plea reserve in writing the right to review of the adverse determination of any specified pretrial motion. The government contends that in failing to comply with Rule 11(a)(2), Nahiji waived his right to appeal the denial of the motion to suppress.
 
 A. The Conditional Guilty Plea:
 
 6
 Rule 11(a)(2), enacted in 1983, provides for a conditional plea device that avoids the waste of judicial and prosecutorial resources which often resulted when a defendant would lose his pretrial motions and then would go through an entire trial in order to preserve the pretrial issues for review. It provides:
 
 
 7
 Rule 11. Pleas.
 
 
 8
 (a) Alternatives.
 
 
 9
 * * *
 
 
 10
 * * *
 
 
 11
 (2) Conditional Pleas. With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.
 
 
 12
 Fed.R.Crim.P. 11(a)(2) (emphasis added).
 
 
 13
 Applicable precedents indicate that where a defendant has made a valid conditional plea, courts have construed the writing requirement strictly. In other words, where both the government and the court approve and where the defendant has reserved in writing the right to review of certain pretrial issues, courts have not permitted issues outside of the scope of the writing to be reviewed on appeal. See, e.g., United States v. Echegoyen, 799 F.2d 1271, 1276 (9th Cir.1986) (where defendant reserved in writing only issues arising from the search of one location, but not issues arising from search of other location, latter issues not properly before the court); United States v. Alexander, 761 F.2d 1294, 1303 (9th Cir.1985) (where defendant sought to raise three issues on appeal that were not reserved in stipulated plea agreement, court declined to rule thereon). In United States v. Carrasco, 786 F.2d 1452 (9th Cir.1986), this court held that the defendant did not enter a valid conditional plea because the government had denied assenting to a conditional plea and because the writing offered by the defendant stated only that the plea was intended to be conditional, and did not specify which issues would be reserved for appeal.
 
 
 14
 Here, by contrast, the government concedes that it did not object to the conditional nature of the plea. Furthermore, there was only one issue before the district court on the motion to suppress, and only the same one issue here on appeal. We conclude that there was no waiver of the right to appeal the denial of the motion to suppress.
 
 
 15
 B. The Merits of the Appeal of the Motion to Suppress:
 
 
 16
 We review a district court's findings concerning waiver of Miranda rights for clear error. United States v. Whitworth, 856 F.2d 1268, 1278 (9th Cir.1988); United States v. Doe, 819 F.2d 206, 208 (9th Cir.1985).
 
 
 17
 Briefly stated, the facts surrounding Nahiji's statements were these:
 
 
 18
 1. On May 1, 1988, Portland Oregon police, responding to a call that Nahiji had concealed a gun in his luggage, stopped him; received permission to search his luggage; and found several Tupperware containers containing ziplock plastic bags. Nahiji contended that the bags contained "Iranian soap."
 
 
 19
 2. The officers took a sample of the "soap" for testing, returned the luggage to Nahiji, and permitted him to board his flight to Los Angeles. A field test revealed that the "soap" was cocaine.
 
 
 20
 3. The Portland Police notified the L.A. Police. Detective Valencia detained Nahiji upon his arrival. Two Airport Task Force detectives arrived and took him to the task force office.
 
 
 21
 4. At the task force office, Nahiji again gave permission to search the luggage. In Nahiji's presence, the substance in the bags was again tested for cocaine. The detectives determined that it was cocaine.
 
 
 22
 5. At this point, according to detective Martin's testimony, Nahiji began to talk--stating that he was not the only person involved, asking if he were going to jail and if detective Martin could help him.
 
 
 23
 6. Officer Martin testified that he told Nahiji that he could not speak with Nahiji at all until he advised him of his rights. After being advised of his rights, Nahiji stated that he still wished to tell his story. He then confessed that he had been paid to transport the drugs from Portland to Hawaii, and that he knew that the substance was cocaine.
 
 
 24
 In his motion to suppress, Nahiji contended that he asked for an attorney and that the task force detectives failed to advise him of his Miranda rights.
 
 
 25
 The district court found that Nahiji's testimony was not credible and was self-serving, and that the testimony of the detectives was far more credible. Based on its assessment of the witnesses, the court found that Nahiji at no time asked for an attorney; that he began to confess before he could be read his rights; and that after being given his rights he gave a complete statement. The court concluded that Nahiji freely waived his rights to remain silent and to an attorney when he spoke to detective Martin. Citing Edwards v. Arizona, 451 U.S. 477, 484-85 (1981), the court further found that even if he had invoked his right to counsel at some point, he waived that right by subsequently initiating further discussions with detective Martin.
 
 
 26
 Based on the testimony and the circumstances surrounding the arrest, the district court's factual findings that Nahiji did not request an attorney and freely confessed his role in the transportation of the cocaine are not clearly erroneous. The finding that he voluntarily waived his Miranda rights is upheld and the denial of the motion to suppress is AFFIRMED.
 
 
 
 *
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3