972 F.2d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin Anthony HILL, Defendant-Appellant.
 No. 90-50582.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1991.*
Decided July 28, 1992.
 
 Before SNEED, BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kevin Anthony Hill conditionally pled guilty to one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). Hill claims that he was singled out for selective prosecution on the basis of his race. On appeal, he challenges the district court's denial of his motion for discovery in support of that claim.
 
 
 3
 We do not reach the merits of Hill's claim. We do not have jurisdiction over it unless Hill entered a valid conditional plea. United States v. Carrasco, 786 F.2d 1452, 1453-54 (9th Cir.1986); United States v. Echegoyen, 799 F.2d 1271, 1276 (9th Cir.1986). The validity of Hill's conditional plea is in question because he did not file a written reservation of his right to appeal until approximately six months after he entered his guilty plea. We decline to determine whether six months is too long.
 
 
 4
 As in Carrasco, the defendant here had a good faith belief that he was entering a valid conditional plea. 786 F.2d at 1455-56. Therefore, assuming Hill's plea fails as a conditional plea, it also fails as an unconditional plea. See id. An unconditional plea must be both knowing and voluntary. See Fed.R.Crim.P. 11(c)-(d). Based on the record, we cannot conclude that Hill understood his plea to be unconditional. Therefore, we vacate his sentence and remand, offering Hill an opportunity to plead anew. See Carrasco 786 F.2d at 1455 (vacating sentence).
 
 
 5
 Although we do not discuss the merits of Hill's claim, we refer him to United States v. Bourgeois, No. 90-50595, 1992 US App. LEXIS 10894 (9th Cir. May 15, 1992), for an explanation of the high threshold showing that must be made by a defendant seeking discovery on a selective prosecution claim.
 
 
 6
 The judgment of the district court is VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3