993 F.2d 886
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darwin F. SMITH, Defendant-Appellant.
 No. 92-10373.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 14, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darwin F. Smith appeals his conviction after a guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Smith appears to contend that an insufficient factual basis existed for his plea. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 Fed.R.Crim.P. 11(a)(2) requires a defendant to enter a conditional guilty plea reserving the right to appeal any pretrial ruling, which, if granted, would be dispositive of the case. Fed.R.Crim.P. 11(a)(2) advisory committee's note (1983 amend.); see also United States v. Echegoyen, 799 F.2d 1271, 1275-76 (9th Cir.1986); United States v. Carrasco, 786 F.2d 1452, 1454 (9th Cir.1986). We lack jurisdiction to review such a ruling where the defendant fails to enter a conditional guilty preserving it. See Carrasco, 786 F.2d at 1453-54.
 
 
 4
 Here, the government relied on a 1976 state conviction for possession of marijuana as a basis for the instant offense. Smith had pled guilty to the felonious drug offense. Arguing that the prior conviction was not knowing and voluntary, Smith filed a motion to strike the conviction. The district court granted the motion to strike the allegation of the conviction without prejudice to its reintroduction with supporting evidence. The government then filed a copy of the state plea transcript which was signed by the presiding state judge, Smith, defense counsel and the district attorney. Shortly thereafter, Smith's motion to strike the prior conviction was denied.
 
 
 5
 Pursuant to a plea agreement, Smith entered a guilty plea to the instant offense. The plea agreement stated that Smith was previously convicted for the 1976 state drug offense. There is no indication in the record that Smith challenged the factual basis of his plea at the time he entered it.
 
 
 6
 Because Smith did not enter a conditional guilty plea preserving his right to appeal the validity of the 1976 felony conviction, we lack jurisdiction over his appeal of the denial of the motion. See Echegoyen, 799 F.2d at 1276; Carrasco, 786 F.2d at 1454.
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3