19 F.3d 1442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rosa Yolanda SALAZAR, Defendant-Appellant.
 No. 93-50242.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 14, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rosa Yolanda Salazar appeals her conviction and 48-month sentence following entry of a guilty plea to knowing and intentional use of a telephone in facilitating the commission of a drug offense in violation of 21 U.S.C. Sec. 843(b). Salazar contends that the district court erred by (1) denying her motion to suppress evidence and (2) failing to make express findings regarding the amount of drugs involved in the conspiracy attributable to her. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm the judgment of conviction but vacate the sentence and remand the case to the district court for resentencing.
 
 
 3
 * Motion to Suppress
 
 
 4
 Because Salazar did not enter a conditional guilty plea reserving her right to appeal the denial of her suppression motion, we lack jurisdiction to review the district court's decision. See United States v. Carrasco, 786 F.2d 1452, 1454-55 (9th Cir.1986) (declining to review denial of suppression motion where defendant failed to enter a valid conditional guilty plea pursuant to Fed.R.Crim.P. 11(a)(2)).
 
 II
 Sentence Calculation
 
 5
 Salazar contends that she should have been sentenced only for the amount of drugs which she intended to produce, rather than the total quantity of drugs attributable to the conspiracy. We agree.
 
 
 6
 Here, the presentence report (PSR) indicated that 352.8 kilograms of cocaine were involved in the conspiracy and used this amount to determine Salazar's offense level. At sentencing, the court adopted the factual findings of the PSR. The Guidelines, however, require the district court to make specific findings regarding the amount of drugs attributable to each defendant in a drug trafficking conspiracy. See U.S.S.G. Secs. 1B1.3, 2D1.4; see also United States v. Navarro, 979 F.2d 786, 788-89 (9th Cir.1992) (holding that district court erred by failing to make a factual determination regarding the amount of drugs attributable to the defendant after his participation in the charged conspiracy).
 
 
 7
 Neither the PSR nor the district court offered a rationale for concluding that the total quantity of drugs in the conspiracy should be used in calculating Salazar's offense level. Therefore, we vacate Salazar's sentence and remand the case for resentencing.[1] The court is instructed to make express findings regarding Salazar's accountability for each transaction affecting her offense level.
 
 
 8
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we vacate Salazar's sentence, we do not address her argument that the district court erred by refusing to depart downward based upon aberrant behavior