37 F.3d 1507
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lemuel Fezell JACKSON, Defendant-Appellant.
 No. 93-30229.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 12, 1994.
Decided Sept. 27, 1994.
 
 1
 Appeal from the United States District Court Eastern District of Washington, No. CR-92-00298-FVS; Fred L. Van Sickle, District Judge, Presiding.
 
 
 2
 E.D.Wash.
 
 
 3
 AFFIRMED.
 
 
 4
 BEFORE: BROWNING, WRIGHT and CANBY, Circuit Judges
 
 
 5
 MEMORANDUM*
 
 
 6
 Jackson entered an unconditional guilty plea, the validity of which he does not contest. Accordingly, he has waived his right to raise his Sixth Amendment claim on appeal. See United States v. Carrasco, 786 F.2d 1452, 1453-54 (9th Cir.1986).[1]
 
 
 7
 In a different brief, filed in November 1993, Jackson also contends that his sentence for possession of crack cocaine with intent to distribute should be overturned because the sentencing guidelines concerning crack cocaine violate the Equal Protection Clause of the Fourteenth Amendment. Because Jackson changed counsel after filing this earlier brief, and because he did not raise the issue in the second set of briefs filed by his new counsel, we are uncertain whether he has abandoned this contention. In any event, we have considered the identical argument in other cases and have rejected it. See United States v. Coleman, 24 F.3d 37 (9th Cir.1994), petition for cert. filed (U.S. Aug. 1, 1994) (No. 94-5450); United States v. Harding, 971 F.2d 410 (9th Cir.1992).
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 We note that even were Jackson successfully to attack the validity of his plea, the appropriate remedy would not be to reach the merits of his Sixth Amendment claim, as he wishes. Rather, the remedy would be to vacate the judgment entered pursuant to that plea, and remand to give him an opportunity to plead anew. See United States v. Cortez, 973 F.2d 764, 767 (9th Cir.1992)