37 F.3d 1507
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Nigel Kenyatta LOCKE, Defendant-Appellant.
 No. 93-30220.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 12, 1994.*
Decided Oct. 6, 1994.
 
 Before: BROWNING, WRIGHT and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nigel Locke appeals the district court's denial of his motion to suppress evidence, and its refusal to depart downward from the sentence dictated by the applicable guideline range. We affirm.
 
 
 3
 * Locke waived his right to appeal the district court's denial of his motion to suppress evidence when he entered an unconditional guilty plea. See United States v. Carrasco, 786 F.2d 1452, 1453-54 (9th Cir.1986) (right to appeal pretrial rulings waived by guilty plea unless defendant enters conditional plea and preserves issues for appeal in writing). Locke points to no exception to this rule that might apply in his case, and we can discover none.
 
 II
 
 4
 Locke also challenges the district court's refusal to decrease his base offense level on the ground that he was a minor participant in the offense. He also challenges the district court's refusal to depart downward from the applicable guideline range on the ground that his behavior was aberrant.
 
 
 5
 A two level reduction in a defendant's base offense level under section 3B1.2(b) is available to a defendant who is "less culpable than most other participants [in the charged offense], but whose role could not be described as minimal." U.S.S.G. Sec. 3B1.2, comment. (n. 3). We review for clear error the district court's refusal to make a downward adjustment pursuant to section 3B1.2, United States v. Hoac, 990 F.2d 1099, 1105 (9th Cir.1993).
 
 
 6
 Locke points to nothing in the record that indicates that he is less culpable than Jackson, nor can we discover anything supporting his position. Locke and Jackson both used the hotel room in which the cocaine was seized, and Locke's fingerprints were on the box containing the cocaine, the gun, and the money. He admitted that he possessed the cocaine with intent to distribute, and though he denied ownership of the gun, he admitted that he knew the gun was in the room and that it was there to serve as "protection." On this record, we conclude that the district court did not clearly err in refusing to adjust Locke's sentence under section 3B1.2.
 
 
 7
 Locke also argues that the district court should have departed downward from the applicable guideline range because he was a "minor contributor to the overall drug trade." In certain circumstances, such a departure may be available. See United States v. Valdez-Gonzalez, 957 F.2d 643, 650 (9th Cir.1992). However, a district court's discretionary refusal to depart downward is unreviewable on appeal. United States v. Morales, 898 F.2d 99, 100 (9th Cir.1990). Therefore, the only issue presented is whether the district court thought it had no authority to depart. The record is clear that the district court knew it had authority to depart on the basis of a defendant's minor role in the overall drug trade, but concluded that such a departure is unwarranted:
 
 
 8
 As far as the role of each of these young men have played in regard to their criminal conduct, whether or not it is minor or not. A review of the fact pattern and a review of the Presentence Report reflects that, in fact, Mr. Locke made more than one trip. Mr. Jackson was involved in selling. And if they fall within, they don't seem to, either one, fall within the scope of what has been referred to as a mule or transporter or, as Mr. Patillo, someone who was asked to take a package to the Federal Express office.
 
 
 9
 Accordingly, we may not review its decision.
 
 
 10
 Regarding Locke's contention that his behavior was aberrant, the district court stated:
 
 
 11
 Abhorrent [sic] behavior does not apply either. I'm afraid the prior conduct, criminal convictions, preclude that. I am mindful of the substantial, hundred to one increase. I'm mindful of the circumstance. The length of incarceration is appalling.
 
 
 12
 Locke contends that district court's conclusion that his prior conviction "preclude[d]" a departure for aberrant behavior indicates that it thought it had no authority to depart in this circumstance. We disagree. The district court merely found that, virtually by definition, Locke's prior conviction for nearly the same offense means that his conduct was not aberrant. See United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992) (a downward departure for aberrant behavior is "available to a first time offender who has been convicted of one aberrant criminal act" ) (emphasis added).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3