46 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel HARTOG, Defendant-Appellant.
 No. 93-10441.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 13, 1995.*
Decided Jan. 20, 1995.
 
 Before: ALDISERT,** CHOY, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Daniel Hartog appeals his guilty plea and sentence for aiding and abetting the importation of in excess of 1,100 kilograms of marijuana in violation of 21 U.S.C. Sec. 952(a). On February 26, 1993, Hartog signed a plea agreement providing for, inter alia, a non-parolable 15-year sentence pursuant to Fed.R.Crim.P. 11(e)(1)(C). He urges on appeal that the district court erred in denying his motion, based on claims of outrageous government conduct, to dismiss his indictment or suppress evidence. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm his conviction and sentence.
 
 A.
 
 3
 Pursuant to Fed.R.Crim.P. 11(a)(2), a defendant may enter a conditional plea of guilty, with the approval of the court and the consent of the government, "reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion." A defendant's failure to preserve in writing any issues he wishes to reserve for appeal deprives a reviewing court of jurisdiction to review these unreserved issues. See United States v. Echegoyen, 799 F.2d 1271, 1275-76 (9th Cir.1986).
 
 
 4
 Appellant argues that his plea agreement, despite its silence, was conditional, and preserved his right to appeal the trial court's denial of his motion. He contends that the discussion between the court and defense counsel during the plea colloquy is susceptible to the interpretation that the parties intended to enter a conditional plea agreement. During the proceedings, the court inquired of defense counsel whether any evidence was suppressible. Defense counsel acknowledged the court's order denying his motion to dismiss/suppress, and further responded:
 
 
 5
 I have reviewed the cases cited to me by the Court in its decision. And we have discussed the efficacy of appealing that after a trial or proceeding by way of plea. And we have decided to proceed by way of a plea, Your Honor.
 
 
 6
 R.T. at 26 (Feb. 26, 1993) (emphasis added). Appellant urges us to adopt a contorted semantic reading of this excerpt, to the effect that the plea should be deemed conditional because, "in the mind of the defendant, 'proceeding by way of plea' also represents a way to seek review of the ruling." Appellant's Opening Brief at 5. Appellant's argument, however, is clearly foreclosed by the rule that, absent a writing specifically reserving the right to appeal a specified adverse ruling, this court lacks jurisdiction to review such issue. See Echegoyen at 1275-76; United States v. Carrasco, 786 F.2d 1452, 1453-54 (9th Cir.1986). Moreover, the government must acquiesce to a conditional plea agreement. See Carrasco at 1454 (holding that absent a special writing setting forth the issues to be reserved, and in the teeth of the government's denial of any assent to a conditional plea agreement, the court could not conclude that the agreement was conditional); Fed.R.Crim.P. 11(a)(2). There is no evidence the government considered, let alone consented to, a conditional plea. There is likewise no evidence appellant understood his plea to be conditional. Finally, there is no evidence the trial judge understood he was approving a conditional plea agreement. Both the written plea agreement and the transcript of the plea hearing demonstrate the plea was unconditional.[1]
 
 
 7
 Alternatively, appellant urges that even if the plea agreement was unconditional, the outrageous government conduct alleged in the motion to suppress was a jurisdictional defect subject to appellate review. Our opinion in United States v. Montilla, 870 F.2d 549, 552-53 (9th Cir.1989), amended on other grounds, 907 F.2d 115 (1990), disposes of this contention. In Montilla, we held that a claim that outrageous government conduct constitutionally bars the government from bringing an indictment is not jurisdictional, and is waived by a guilty plea.
 
 
 8
 In conclusion, because appellant did not enter a valid conditional plea, we lack jurisdiction to decide his appeal of his motion to dismiss/suppress.
 
 B.
 
 9
 Appellant also claims that if his guilty plea is deemed unconditional, it was not knowing and voluntary, because the discussion between his trial counsel and the court reasonably could have led him to believe that he would be able to litigate the outrageous conduct issue even after he had entered a plea. He thus contends that his plea should be withdrawn, and that he should be given the chance to plead anew.
 
 
 10
 The voluntariness of a guilty plea is subject to de novo review. See United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993). Appellant never moved to withdraw his plea in the district court, and no evidentiary hearing was ever held on its voluntariness. Even were we to find that this issue, raised for the first time on appeal, is properly before us, our review of the record establishes that appellant's plea was knowing and voluntary, and evidenced a tactical decision to forego trial in order to avoid the harsher consequences of a conviction. Taken together, the trial judge's plea colloquy and the written plea agreement, signed by both Hartog and his trial counsel, demonstrate appellant's unambiguous awareness of the costs and benefits of his course of action. A defendant bears the burden of showing a "fair and just reason" for withdrawal of a guilty plea. See United States v. Rios-Ortiz, 830 F.2d 1067, 1069 (9th Cir.1987). Appellant has not, and cannot, carry this burden.
 
 
 11
 We affirm Daniel Hartog's guilty plea and conviction.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pursuant to the agreement, the parties consented to a Rule 20 disposition of a pending Chicago indictment, and the government agreed to withdraw a special prior drug felony information, filed pursuant to 21 U.S.C. Sec. 851, which would have subjected appellant to a mandatory minimum 20-year prison term