111 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher BORBA, Defendant-Appellant.
 No. 96-10270.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 16, 1997.*
Decided April 22, 1997.
 
 1
 Before: D.W. NELSON and FERNANDEZ, Circuit Judges, and MOLLOY, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Christopher Borba pled guilty to aiding and abetting the making of a false statement during a firearm purchase in violation of 18 U.S.C. §§ 922(a)2, 6. In this appeal, he seeks review of the district court's denial of motions that he brought prior to entering a guilty plea.
 
 
 4
 Borba was indicted on September 7, 1995 for being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). He filed a motion to dismiss the charges and a motion to suppress evidence recovered from his home. When the district court denied these motions, Borba entered into a plea agreement with the government. The plea agreement makes no provision for Borba to retain the right to appeal the district court's rulings.
 
 
 5
 Pursuant to the agreement, on February 26, 1996, Borba pled guilty to a violation of § 922(a). Before accepting Borba's guilty plea, the court engaged him in the standard colloquy to ensure that the requirements of Federal Rule of Criminal Procedure 11 were satisfied. The court did not discuss whether the guilty plea constituted a waiver of Borba's right to appeal, and neither Borba nor his attorney indicated any intention to enter a conditional plea.
 
 
 6
 Borba concedes that his plea does not meet the formal requirements for a conditional plea under Rule 11(a)(2), which provides:
 
 
 7
 With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendre, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.
 
 
 8
 He argues, however, that strict compliance with the provisions of the Rule is not required, and that this court has the discretion to reach the merits of his appeal. We disagree.
 
 
 9
 This court construes the requirements of Rule 11(a)(2) strictly. United States v. Floyd, No. 95-50539, slip op. at 1787, 1792 (9th Cir. Feb. 25, 1997); see also United States v. Cortez, 973 F.2d 764, 766 (9th Cir.1992); United States v. Echegoyen, 799 F.2d 1271, 1275-76 (9th Cir.1986). Because Borba neither sought approval from the court and the government nor reserved specific objections in writing, he did not enter a valid conditional guilty plea. By entering an unconditional guilty plea, Borba waived the right to appeal all non-jurisdictional prior rulings. See Floyd, slip op. at 1791-92; United States v. Carrasco, 786 F.2d 1452, 1454 (9th Cir.1986); see also Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").
 
 
 10
 Accordingly, we lack jurisdiction to hear Borba's appeal.
 
 
 11
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3