**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Humberto BRISENO–DUENAS,
Defendant—Appellant.**

**No. 01–10066.
D.C. No. CR–99–01019–RCB.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2001.[*]

Decided Nov. 14, 2001.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KLEINFELD, McKEOWN, and FISHER, Circuit Judges.

### MEMORANDUM **

Humberto Briseno–Duenas appeals from his guilty plea conviction and sentence for conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 and possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1).

 Briseno–Duenas contends that the district court erred by failing to grant his motion to suppress evidence. Briseno–Duenas, however, waived his right to appeal the district court's denial of his motion to suppress evidence when he entered an unconditional guilty plea. *United States v. Carrasco,* 786 F.2d 1452, 1453–54 (9th Cir.1986) (right to appeal pretrial rulings waived by guilty plea unless defendant enters conditional plea and preserves issues for appeal in writing). In his reply brief, Briseno–Duenas contends for the first time that the plea proceedings were vague and ambiguous as to which appeal right Briseno–Duenas was waiving, and that therefore his plea was not voluntary. The transcript of the entry of plea at pages 15, line 23 through page 16, line 4, show that Briseno–Duenas was attempting to preserve the right to appeal something, but it is not clear what. Rule 11(a)(2) requires that a reservation be in "writing." Here there is no reservation in writing, so we lack jurisdiction on direct appeal to consider the challenge to an antecedent ruling. *See Carrasco,* 786 F.2d at 1453–54. As to Brieseno–Duenas' contention that the district court failed to advise him of which appeal rights he was waiving, "[w]e have consistently held that Rule 11 does not require a district court to inform a

defendant that, by pleading guilty, [h]e is waiving her right to appeal any antecedent rulings or constitutional violations." We may not, in this direct appeal, consider the remedies, if any, that might be available under 28 U.S.C. § 2255.

**DISMISSED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.