EFFRON, Chief Judge
(concurring in the result):
At trial, Appellee moved to dismiss the charges under Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972), contending that the trial counsel made improper use of Appellee’s immunized testimony to prepare witnesses for trial. In the alternative, Appellee moved to disqualify the trial counsel on the grounds that the trial counsel’s intimate involvement with Appel-lee’s immunized statements made it impossible for the trial counsel to not use Appellee’s immunized statements against him at trial. The military judge denied both motions. Ap-pellee then entered a guilty plea.
On appeal, the Court of Criminal Appeals reversed, holding that the trial counsel should have been disqualified under Kasti-gar. United States v. Bradley, No. NMCCA 200501089, 2008 CCA LEXIS 398, at *21, *24, 2008 WL 5083894, at *7, *8 (N.M.Ct. Crim.App. Nov. 25, 2008) (unpublished). The certified and specified issues ask us to determine whether Appellee preserved appellate consideration of the military judge’s ruling on the disqualification motion, and, if so, whether the military judge erred.
The majority concludes that Appellee waived the disqualification issue. On the basis of that conclusion, the majority holds that the Court of Criminal Appeals erred in reaching the disqualification issue, and the majority remands the case for further proceedings before the lower court.
I respectfully disagree with the majority’s conclusion that Appellee waived the disqualification issue. For the reasons set forth below, I would conclude that: (1) Appellee preserved the disqualification motion; (2) the military judge correctly denied that motion; (3) under these circumstances, we may reverse the decision of the court below dismissing the charges, and we may remand the case for completion of appellate review; and (4) the review upon remand should be limited to considering those issues, if any, that would remain in light of the military judge’s proper ruling on the motion to dismiss.
Part I analyzes the conditional nature of Appellee’s plea. Part II addresses the merits of Appellee’s claim that the military judge erred by denying the disqualification motion. Part III considers the implications of waiver with respect to the providence of Appellee’s plea.
I. THE PLEA COLLOQUY
Rule for Courts-Martial (R.C.M.) 910(a)(2) provides in pertinent part:
With the approval of the military judge and consent of the Government, an accused may enter a conditional plea of guilty, reserving the right, on further review or appeal, to review of the adverse determination of any specified pretrial motion.
R.C.M. 910(j) provides that in the absence of a conditional plea:
a plea of guilty which results in a finding of guilty waives any objection, whether or not previously raised, insofar as the objection relates to the factual issue of guilt of the offense(s) to which the plea was made.
During the plea colloquy, the defense expressly distinguished between the motion to disqualify trial counsel and the motion to dismiss the charge under Kastigar. The defense preserved appellate consideration of *284 the disqualification motion and did not preserve appellate review of his Kastigar motion.
In the course of discussing the effect of Appellee’s plea on appellate review, defense counsel expressly observed that the guilty plea would not waive the disqualification issue. Defense counsel noted that “the alternative relief we requested, which was the further participation of the trial counsel, ... does not depend upon your ruling.” Defense counsel added: “I don’t believe that we waive that.” In response to defense counsel’s argument that Appellee’s disqualification motion would be preserved on appeal under any type of plea, the military judge stated: “That may be where you’re right. Only certain issues need to be in the form of a conditional plea.”
After requesting clarification of the defense position on waiver, the prosecution offered no objection to the defense counsel’s repeated assertion that the plea would not waive the disqualification issue, nor did the prosecution assert that the military judge erred in indicating agreement with the defense view. In that posture, the prosecution’s position reflected consent to the conditional nature of the plea. See United States v. Carroll, No. NMCM 95 02201, 1996 CCA LEXIS 525, at *8 n. 2, 1996 WL 927743, at *3 n. 2 (N.M.Ct.Crim.App. Dec. 23, 1996) (unpublished) (finding trial counsel’s failure to object to military judge’s improper advisement to accused regarding waiver was sufficient consent for a conditional plea).
To the extent that the record reflects any ambiguity as to the military judge’s approval and the prosecution’s consent with respect to the conditional nature of the plea, the responsibility for any lack of clarity rests with the military judge and the prosecution, not the defense. In that regard, it is noteworthy that the Government in the present appeal agrees with the defense that Appellee’s guilty plea at trial did not waive appellate consideration of the disqualification issue. Brief for Appellant at 6-9, United States v. Bradley, 68 M.J. 279 (C.A.A.F.2010).
The defense, by contrast, did not preserve the separate motion to dismiss under Kasti-gar. At one point in the colloquy, defense counsel referred to the plea as “unconditional,” a term that does not appear in the applicable rule. See R.C.M. 910 (listing guilty and not guilty pleas with or without exceptions, substitutions, and other variations regarding lesser included offenses; conditional pleas; and irregular pleas). The military judge offered the following observation: “those issues that don’t require a conditional plea would be preserved for appeal, correct?” Defense counsel answered: “Correct, sir.”
The military judge asked whether Appel-lee’s guilty plea would waive appellate consideration of the defense motion to dismiss based upon Kastigar: “So, Seaman Bradley, let me just confirm that you understand that by your plea of guilty you also give up your right to appeal the decision I made on your motion to dismiss. Do you understand that?” Appellee responded, ‘Yes, sir.”
The majority concludes that the references in the record to an “unconditional” plea establish that the plea waived appellate consideration of disqualification. The majority observes, and I agree, that “compliance with R.C.M. 910(a)(2) is now the sole means for entering a conditional plea.” Bradley, 68 M.J. at 282. R.C.M. 910(a)(2), however, does not refer to an “unconditional” plea, and the rule does not require an accused to invoke the word “condition,” or “conditional,” or any other formal incantation to preserve appellate consideration of an issue. The rule does not even require the defense to reduce the condition to a written submission — in contrast to the former version of the rule and Federal Rule of Criminal Procedure 11. See R.C.M. 910(a)(2) (1984) (requiring condition be placed in writing); Fed.R.Crim.P. 11(a)(2) (requiring same). The rule requires nothing more than what we have in the present case. The defense placed a condition on his plea — • the preservation of his disqualification claim — and the military judge indicated agreement with that position. The Government did not assert at trial, and does not contend on appeal, that the issue was waived. In that context, we should address the lower court’s ruling on the merits of the military *285 judge’s decision to deny Appellee’s disqualification motion.
II. THE RULING BY THE MILITARY JUDGE ON THE MOTION TO DISQUALIFY TRIAL COUNSEL
The military judge denied Appellee’s motion to disqualify trial counsel. The Court of Criminal Appeals relied on Kastigar as authority for ruling that the military judge erred in denying the disqualification motion. Bradley, 2008 CCA LEXIS 398, at *24, 2008 WL 5083894, at *8. Kastigar, however, addresses the question of whether charges should be dismissed, not whether counsel should be disqualified. Even where dismissal of charges is warranted under Kastigar, a prosecutor is not disqualified from participating in future proceedings if the subsequent charges are based upon evidence wholly independent from the evidence constituting a Kastigar violation. See, e.g., United States v. Palumbo, 897 F.2d 245, 251-52 (7th Cir.1990) (dismissing indictment for the government’s failure to meet Kastigar burden but allowing prosecutor to participate in future prosecution based on wholly independent evidence).
In the present case, the record establishes that Appellee’s plea waived appellate consideration of his motion to dismiss under Kasti-gar. In that posture, his claim on appeal does not arise under Kastigar but instead may be viewed as a typical motion to disqualify trial counsel. Although a military judge has the discretion to disqualify trial counsel for violating an ethical standard, see, e.g., United States v. Humpherys, 57 M.J. 83, 88 (C.A.A.F.2002), Appellee has not demonstrated that trial counsel violated an ethical standard requiring disqualification. The military judge did not abuse his discretion in denying the disqualification motion, and the lower court erred in setting aside the findings and sentence. In that posture, I agree with the majority that a remand to the lower court is warranted for completion of appellate review.
III. THE PROVIDENCE OF APPELLEE’S PLEA
The issues certified by the Judge Advocate General and specified by the Court did not address the providence of Appellee’s pleas. A number of courts have held that a plea should be vacated if the defendant reasonably believed it was conditional but in fact waived issues the defendant intended to preserve. See, e.g., United States v. Pierre, 120 F.3d 1153, 1157 (11th Cir.1997); United States v. Carrasco, 786 F.2d 1452, 1454-55 (9th Cir.1986) (vacating and remanding for new plea because defendant reasonably believed that pretrial issues would not be waived by guilty plea). In the military justice system, an accused’s “misunderstanding as to a material term” in a plea agreement invalidates a plea. United States v. Smith, 56 M.J. 271, 273 (C.A.A.F.2002).
In the present case, defense counsel stated during the plea inquiry that the disqualification issue would be preserved notwithstanding Appellee’s guilty plea. The military judge indicated agreement, responding: “That may be where you’re right.” Immediately following the plea exchange, the military judge confirmed that Appellee understood he would waive the motion to dismiss. But the military judge did not make any further inquiry regarding Appellee’s understanding as to whether a guilty plea would waive the disqualification motion as well. In light of the majority’s conclusion that Appel-lee waived his disqualification claim, the Court of Criminal Appeals will need to determine whether he did so while believing he preserved that claim for appeal; and, if so, whether his action represented a material misunderstanding of his plea.