WATFORD, Circuit Judge,
concurring:
I join the court’s opinion but write separately to highlight one aspect of the court’s reasoning that I cannot fully embrace. The court holds that, even though we are reversing in part the district court’s denial of Lustig’s motion to suppress, he’s not automatically entitled to withdraw his guilty plea. Instead, the court concludes that we must engage in “harmless error review” to determine whether the district court’s partially erroneous denial of the motion “contributed to [Lustig’s] decision to plead guilty.” Maj. op. at 1087, 1090.
I do not think Federal Rule of Criminal Procedure 11(a)(2) — or basic principles of contract law, which govern plea agreements — permit any such inquiry. In my view, if our court does anything other than affirm in full the district court’s denial of Lustig’s suppression motion, he is entitled to withdraw his guilty plea without more. The harmless error analysis the court engages in has no place in this context.
That conclusion is dictated by the plain language of Rule 11(a)(2), a short, two-sentence provision added in 1983. The first sentence authorizes a new type of guilty plea — the “conditional” plea — that had not previously been sanctioned by rule or statute: ‘With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contende-re, reserving in writing the right to have an appellate court review an adverse de *1093 termination of a specified pretrial motion.” Adding this provision was necessary because a number of courts had held, prior to the Rule’s amendment in 1983, that conditional pleas were not permissible. A defendant either had to plead guilty unconditionally and waive appellate review of adverse pre-trial rulings, or, if the defendant sought to preserve such review, he had to plead not guilty and proceed through trial, an often wasteful exercise with a foregone conclusion. See Fed. R. Crim. P. 11(a) advisory committee’s note to 1983 amendments. Rule 11(a)(2) avoids that undesirable state of affairs by allowing a defendant, with the government’s and the court’s consent, to plead guilty on the condition that a specified adverse ruling is ultimately affirmed on appeal. United States v. Carrasco, 786 F.2d 1452, 1454 (9th Cir. 1986), overruled on other grounds by United States v. Castillo, 496 F.3d 947 (9th Cir. 2007). The second sentence of the Rule states what happens if the condition does not hold: “A defendant who prevails on appeal may then withdraw the plea.”
In a case in which the defendant reserves the right to challenge a single adverse ruling and that ruling ultimately gets reversed in full on appeal, the application of Rule ll(a)(2)’s second sentence is simple. The defendant has obviously “prevailed] on appeal” and as a result must be afforded an opportunity to withdraw his plea. United States v. Botello-Rosales, 728 F.3d 865, 868 (9th Cir. 2013) (per curiam). I think the application of the Rule is just as simple when, as in this case, the defendant prevails in part on appeal. As we said in Carrasco, a Rule 11(a)(2) plea is “conditioned on the appellate court’s affirmance of the adverse pretrial ruling.” 786 F.2d at 1454. If the appellate court does anything other than affirm the specified ruling (or rulings) in full, then the condition is not satisfied. That means, under basic contract law principles, that the defendant is entitled to withdraw from his end of the bargain. See United States v. Bundy, 392 F.3d 641, 649 (4th Cir. 2004). There is no place for an appellate court to decide that the partial victory the defendant won on appeal is too insignificant to warrant the defendant’s backing out of the deal. See United States v. Molina-Gomez, 781 F.3d 13, 25 (1st Cir. 2015).
Here, Lustig agreed to plead guilty on the condition that the ruling denying his-motion to suppress would be affirmed on appeal. It didn’t get affirmed; it got reversed in part with respect to the car phones. Thus, the one condition Lustig placed on his agreement to plead guilty wasn’t satisfied, and only he gets to decide whether the partial victory he won on appeal is too inconsequential to justify backing out of the deal.
The parties, of course, could have struck a different deal. Nothing in the language of Rule 11(a)(2) precludes a defendant and the government from agreeing that the defendant’s guilty plea will stand unless he wins reversal in full of a particular adverse ruling. Or, in cases in which the defendant challenges several distinct adverse rulings, that his guilty plea will stand unless he wins reversal of all of them. That’s why the drafters of Rule 11(a)(2) inserted the requirement that a conditional plea may be entered only with the government’s consent — to ensure that the defendant could not insist upon reserving the right to appeal some inconsequential pre-trial ruling, the reversal of which would not have any appreciable impact on the outcome of the case. See Fed. R. Crim. P. 11(a) advisory committee’s note to 1983 amendments (“As for consent by the government, it will ensure that conditional pleas will be allowed only when the decision of the court of appeals will dispose of the case either by allowing the plea to stand or by such action as compelling dismissal of the indict *1094 ment or suppressing essential evidence.”). But the key point here is that if the parties do not qualify the condition that a particular adverse ruling must be affirmed on appeal in order for the plea to stand, then a defendant who wins even partial reversal will be entitled under the terms of the agreement to withdraw his plea. See United States v. Mejia, 69 F.3d 309, 316-17 n.8 (9th Cir. 1995).
There is a place for harmless error review in the context of conditional pleas, but it differs from the kind of harmless error review the court engages in here. Appellate courts always have the authority to determine that, even though the district court’s reasoning was flawed in some respect, the district court’s bottom-line ruling is nonetheless correct and should be affirmed. Or, in like fashion, that the district court’s ruling on a subsidiary issue was erroneous, but that the court’s bottom-line decision to deny a suppression motion is still correct, albeit for reasons that differ from those given by the district court. See, e.g., United States v. Davis, 530 F.3d 1069, 1083-85 (9th Cir. 2008). In those circumstances we say the district court’s errors are “harmless” in the sense that they do not affect the ultimate disposition of the appeal — the district court’s bottom-line ruling still gets affirmed.
That kind of harmless error review is perfectly proper in the context of Rule 11(a)(2) pleas. See United States v. Rivera-Nevarez, 418 F.3d 1104, 1111-12 (10th Cir. 2005). It allows the court to determine, as the court did in Davis, that the defendant ultimately won no victory on appeal — not even a partial one — and thus that he cannot be said, in the language of Rule 11(a)(2), to have “prevailed] on appeal.” In such cases, the court uses harmless error review to affirm in full the ruling that the defendant reserved the right to challenge on appeal. See, e.g., Davis, 530 F.3d at 1083-85. The defendants in cases like Davis are not entitled to withdraw their conditional guilty pleas because the condition attached to their pleas is satisfied. This case has to come out differently because the condition attached to Lustig’s plea was not satisfied. We did not affirm in full the district court’s ruling on Lustig’s motion to suppress.
In short, I agree with the court that Lustig’s convictions must be vacated, and on remand he must be afforded an opportunity to withdraw his guilty plea. In my view, though, that result follows from ah application of the plain language of Rule 11(a)(2) and basic contract law principles, not from an application of harmless error review.